E. A. McDowell, District Judge, v. L. B. Hightower, Chief Justice, et al.

Motion No. 5558. Decided June 21, 1922.

(242 S. W., 753.)

1.—Practice on Appeal—Supersedeas—Jurisdiction to Enforce.

The appeal with *supersedeas* confers on the appellate court such jurisdiction over the parties as enables it to protect the rights of the appellant by preventing the enforcement of the judgment below while the appeal is pending before it. (Pp. 586, 587).

2.—Same—Removal From Office—Suspension.

A sheriff appealed with *supersedeas* from a judgment of the District Court removing him from office and suspending him from exercising its duties during the litigation. Thereafter the Court of Civil Appeals issued injunction against the District Judge restraining him from preventing the sheriff from acting as such during the pendency of the appeal. *Held* that the appellate court, in so doing, was acting within its jurisdiction, and the Supreme Court, irrespective of whether the order of suspension was, or was not, lawfully superseded by the appeal, was without power to control the action of the appellate court with reference thereto. (P. 587).

3.—Same—Jurisdiction of the Supreme Court—Mandamus.

The Supreme Court has no power to review or control the rulings of the Court of Civil Appeals except upon writ of error. The writ of mandamus cannot take its place and can not be used to require the appellate court to

set aside or modify an order made in a matter within its jurisdiction, though it be deemed erroneous.    (P. 587).

4.—Same.

The correctness of the ruling of the appellate court that the appeal had operated as a *supersedeas* of the order suspending the sheriff from acting as such during the pendency of the suit, as well as that finally removing him from office, is not here determined. It can only be considered by the Supreme Court upon writ of error, not on an original application to file a petition for mandamus, leave to do which is here refused.    (P. 588).

Motion by McDowell for leave to file a petition for writ of mandamus against Mr. Justice Hightower and the Associate Justices of the Court of Civil Appeals of the Ninth Supreme Judicial District.

*W. D. Gordon*, for petitioner.
No briefs have reached the Reporter.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

In a suit in the district court of the Sixtieth judicial district of Texas, at Beaumont, a judgment was entered removing T. H. Garner from the office of sheriff of Jefferson county and suspending him from office pending appeal. From this judgment, T. H. Garner perfected an appeal to the Court of Civil Appeals of the Ninth Supreme Judicial District of Texas, by giving notice of appeal and by filing a supersedeas bond, which was approved by the district clerk. The Court of Civil Appeals thereafter, on petition of T. H. Garner granted and issued an injunction, restraining relator as judge of the district court of the Sixtieth judicial district from interfering, pending the appeal, with Garner's discharge of the duties of sheriff of Jefferson county.

Relator presents a motion for leave to file a petition for a peremptory mandamus, requiring the respondents, the justices of the Court of Civil Appeals, to vacate and annul the injunction, which, it is claimed, unlawfully prevents relator from performing his duty, under article 6049 of Vermon's Sayles' Texas Civil Statutes, to suspend the officer until the appeal may be determined.

The statutes provide that all proceedings in a suit for the removal of a sheriff be conducted as in an ordinary civil case, as far as possible, and that either party may appeal from the final judgment as in other civil cases. The effect of an appeal in a removal suit, as in any civil case, is to confer jurisdiction on the court to which the appeal is returnable over the parties and subject-matter. Such jurisdiction is ample to protect and enforce every right accruing to a party by reason of his perfecting an appeal under supersedeas bond.

As said by Chief Justice Pleasants in his opinion in the case of H. B. & T. Ry. Co. v. Hornberger (Tex. Civ. App.) 141 S. W., 313, which was expressly commended and approved by this court in 106 Texas, 74, 157 S. W. 745:

"If appellate courts could not enforce their jurisdiction in this way, the right given a litigant to suspend a judgment of a trial court by appeal and the filing of a supersedeas bond would have no protection, and the final decision of the appellate court would often be merely the decision of an abstract question, the subject-matter or substance of the appeal having been practically destroyed by the execution of the judgment of the lower court pending the appeal. No construction of the statute conferring power upon appellate courts to issue writs of injunction when necessary to enforce their jurisdiction which would produce such results can be sound."

Any action in disregard of a supersedeas is contempt of the jurisdiction of the court in which an appeal, with supersedeas, is pending. 3 C. J. 1327. It is doing no more than protecting its own jurisdiction for the court to inquire into and prevent such acts as would be in defiance of the effect of the supersedeas.

It cannot, therefore, be doubted that the Beaumont Court of Civil Appeals was authorized to consider and determine the right of Garner to continue in office during the pendency of his appeal, and to protect and enforce that right, if affirmed, in the exercise of the court's power, under article 1592 of Vernon's Sayles' Texas Civil Statutes, to issue all writs necessary to enforce its jurisdiction. Having jurisdiction to hear and determine the application of Garner for the enforcement of his asserted right, in and to the subject-matter of the removal suit, pending the appeal, the action of the Court of Civil Appeals was not void, regardless of the correctness of the court's construction of the statutes relating to a sheriff's suspension or removal from office and relating to appeals.

The conclusion that the order of the Court of Civil Appeals cannot be sucessfully attacked as a nullity precludes the award of any relief to relators in this proceeding. This court is bound by the law as is each and every citizen. The law's behests must be obeyed, if civilized government is to endure. The court has no original jurisdiction to issue writs of mandamus save such as has been conferred by the Legislature. The Legislature in its grant to the court of original jurisdiction in mandamus cases has expressly provided that in its exercise the writ of mandamus shall issue against any district judge, or Court of Civil Appeals, or judge of a Court of Civil Appeals, or officer of the state government except the Governor, only in accordance with the principles of law regulating such writ. There is no principle of law regulating the issuance of a writ of mandamus longer or better established in this state than that mandamus never lies to control official discretion or to correct mere errors in the exercise of judicial power.

This rule was announced by the court through Mr. Justice Wheeler in Little v. Morris, 10 Texas, 267 and is unequivocally reaffirmed in State v. Morris, 86 Texas, 228, 24 S. W. 393, as in numerous other cases.

It ought not to be necessary to say that no opinion is expressed by this court as to whether the proceedings in the removal case in either the district court or in the Court of Civil Appeals were free from error. It is enough to say that this motion in no wise invokes the appellate jurisdiction of this court, under which alone it is authorized to set aside judgments or orders of lower courts for errors in the exercise of jurisdiction granted by the Constitution and laws of the state. The refusal of the writ of mandamus will in no wise prejudice the review, on writ of error, of the decisions of the Court of Civil Appeals, should this court's appellate jurisdiction be invoked in the mode prescribed by law. Ex parte Lipscomb, 111 Texas, 409, 239 S. W. 1104.

Because established principles regulating the writ of mandamus forbid its issuance on the averments of relator's petition, it is ordered that the motion for leave to file the petition be, and the same is overruled.