**In re TARRANT COUNTY.**

No. 2–00–092–CV.

Court of Appeals of Texas,
Fort Worth.

May 15, 2000.

Cantey & Hanger, L.L.P., S.G. Johndroe, III, C. Matthew Terrell, Scott A. Fredicks, Fort Worth, for Relator.

Thompson, Coe, Cousins & Irons, L.L.P., William N. Radford, Rider Scott, Dallas, for Real Party.

Panel A: CAYCE, C.J.; LIVINGSTON and RICHARDS, JJ.

## OPINION

LIVINGSTON, Justice.

### I. INTRODUCTION

This mandamus proceeding involves a boundary dispute between two counties. Before entering final judgment, the trial court ordered the boundary line, which had been established under prior law, remarked and resurveyed. Because we hold this was partial execution on the judgment that deprived the losing county of its right to supersede the execution, the trial court abused its discretion. Accordingly, we conditionally grant mandamus relief.

### II. BACKGROUND

Relator Tarrant County filed suit against real party in interest Denton County to establish the common and proper boundary line between the two counties. *See* TEX. LOC. GOV'T CODE ANN. § 72.009(a) (Vernon 1999). Denton County counterclaimed, seeking to have a line surveyed by George White in 1852 ("the White line") declared to be the boundary line and to have that line resurveyed, marked, and monumented. On November 3, 1999 after a bench trial, the trial court notified the parties by letter of its intention to rule in favor of Denton County on the location of the line.

At a subsequent hearing, the trial court expressed concern with entering a final judgment because the trial court would be unable to later order the resurvey and monumentation:

THE COURT: ... Assuming it goes up on appeal and I no longer have any jurisdiction, then hopefully the appeal court would enter an order that says, "Go back down to the district court and get it surveyed." But what if the appeal court didn't do that? We'd have a final judgment, and we'd have no surveying, and nobody would have any jurisdiction.

On December 7, the trial court informed the parties by letter of its intent to enter an interlocutory judgment that would allow Denton County to mark and monument the White line before final judgment would be entered. On January 6, 2000, Denton County wrote the trial court that an interlocutory judgment "would be best at this time" because it would allow the trial court to approve the final field notes of the survey and would keep Tarrant County from stopping the resurvey by filing a notice of appeal. On January 20, the trial court signed an interlocutory judgment that fixed the location of the boundary as the White line "that has been established under prior law." The judgment specifically described the location of the line with extreme specificity and ordered William C. Wilson, Jr. to resurvey and establish a "historic retracement" of the White line "by monumentation at the initial corners of the line, at one mile intervals, at county roads and state highways, at the shores of Lake Grapevine, and at other appropriate locations, as the boundary between Denton and Tarrant Counties."

Tarrant County filed a mandamus petition arguing that the trial court erred by entering an interlocutory judgment, which denies Tarrant County the right to supersede execution on the judgment.[1] In other words, by ordering the White line marked before final judgment is entered, the trial court is allowing premature enforcement of the judgment while, at the same time, blocking Tarrant County's right to stop the execution by appeal. We stayed the trial court's interlocutory judgment pending our decision in this proceeding.

## III. AVAILABILITY OF MANDAMUS

Appellate courts issue mandamus relief as a matter of judicial discretion and not as a matter of right. *See Rivercenter Assocs. v.. Rivera*, 858 S.W.2d 366, 367 (Tex.1993) (orig.proceeding). In deciding whether a writ of mandamus is appropriate, we recognize that mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy at law. *See Republican Party v. Dietz*, 940 S.W.2d 86, 88 (Tex.1997) (orig.proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding).

### A. ABUSE OF DISCRETION

A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law. *See Walker*, 827 S.W.2d at 839. With respect to the resolution of factual issues or matters committed to the trial court's discretion, we may not substitute our judgment for that of the trial court unless the relator establishes that the trial court could reasonably have reached only one decision and that the trial court's decision is arbitrary and unreasonable. *See id.* at 839–40. This burden is a heavy one. *See Canadian Helicopters, Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex.1994) (orig.proceeding).

Our review is much less deferential with respect to a trial court's determination of the legal principles controlling its ruling, because a trial court has no discretion in determining what the law is or in applying the law to the facts. *See Walker*, 827 S.W.2d at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of

---

1. Execution is a means of enforcing a judgment. *See, e.g.,* TEX. R. CIV. P. 621; TEX. R. APP. P. 25.1(g).

discretion and may result in mandamus. *See id.*

### B. ADEQUATE REMEDY AT LAW

 The second element the relator must demonstrate before mandamus relief will issue is that the relator lacks an adequate remedy at law. *See id.* at 840, 842. In general, an adequate legal remedy exists if the relator will be able to raise the issue on appeal. *See id.* at 840. The writ is to issue "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989) (orig.proceeding). An adequate remedy at law does not exist if the rights sought to be protected would be irretrievably lost or the appellate court would not be able to cure the trial court's error. *See In re Valero Energy Corp.,* 973 S.W.2d 453, 457 (Tex.App.—Houston [14th Dist.] 1998, orig. proceeding) (op. on reh'g); *see also Mantas v. Fifth Court of Appeals,* 925 S.W.2d 656, 659 (Tex.1996) (orig.proceeding); *Walker,* 827 S.W.2d at 843.

### IV. RIGHT TO SUPERSEDEAS

 A suit between counties to establish a boundary line is governed by statute:

(a) A county may bring suit against an adjacent county to establish the common boundary line. The suit must be brought in the district court of a county in an adjoining judicial district whose boundaries are not affected by the suit and whose county seat is closest to the county seat of the county that brings the suit. The court shall try the suit in the same manner in which it tries other suits.

(b) The district court has jurisdiction to determine where the boundary line is located and may order the line to be re-marked and resurveyed. The line established by the district court shall be treated as the true boundary between the counties unless the court determines that the line in question was established

under prior law. If the district court determines that the boundary line has been established under prior law, the court shall declare that line to be the true boundary between the counties and shall have that line resurveyed and established as the boundary.

(c) The commissioner of the General Land Office may not mark a contested county line on the maps maintained by the land office until a certified copy of the final judgment is filed in the land office with a certified copy of the field notes of the boundary line established by the judgment.

(d) The remedy provided by this section is in addition to any other remedy prescribed by this chapter.

TEX. LOC. GOV'T CODE ANN. § 72.009. The question presented is whether a trial court can have the boundary line marked and monumented before entering final judgment. We hold that it cannot under the circumstances of this case.

 A governmental entity, such as a county, has the right to supersede the judgment of a trial court rendered against it by merely filing a notice of appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 6.001(b)(4) (Vernon Supp.2000); TEX. R. APP. P. 25.1(g); *In re Long,* 984 S.W.2d 623, 625 (Tex.1999) (orig.proceeding) (op. on reh'g). Supersedeas preserves the status quo of the matters in litigation as they existed before the issuance of the order or judgment from which an appeal is taken. *See Renger v. Jeffrey,* 143 Tex. 73, 182 S.W.2d 701, 702 (1944) (orig.proceeding); *Kantor v. Herald Publ'g Co.,* 632 S.W.2d 656, 657–58 (Tex.App.—Tyler 1982, no writ); *Allied Fin. Co. v. Shaw,* 373 S.W.2d 100, 106 (Tex.Civ.App.—Fort Worth 1963, writ ref'd n.r.e.). The right to supersede a judgment is one of absolute right and is not a matter within the trial court's discretion. *See Houtchens v. Mercer,* 119 Tex. 431, 29 S.W.2d 1031, 1033 (1930) (orig.proceeding); *State ex rel. State Highway & Pub. Transp. Comm'n v. Schless,* 815

S.W.2d 373, 375 (Tex.App.—Austin 1991, orig. proceeding [leave denied] ).

In this case, the trial court has ordered a resurvey, marking, and monumentation of the White line before final judgment is entered. In other words, it has partially executed on a judgment that Tarrant County cannot supersede because the judgment is interlocutory or nonfinal in nature. Denton County argues that the trial court's action is mandated by statute because the resurvey required by section 72.009(b) requires field notes, which cannot be prepared without marking the line on the ground. Denton County further asserts that marking the line before final judgment does not equate to execution on the judgment because "execution ... will not occur until certified copies of the trial court's final judgment and the field notes of the boundary line established by the judgment are filed with the Texas General Land Office."

■■■ We do not agree that field notes, and the monument markers the field notes are based on, are required before a final judgment can be entered. If, as in this case, the trial court determines that the boundary line was "established under prior law, the court shall declare that line to be the true boundary between the counties and shall have that line resurveyed and established as the boundary." TEX. LOC. GOV'T CODE ANN. § 72.009(b). This portion of the statute does not require that the resurvey and establishment be fully completed before a final judgment is entered. Rather, it merely dictates that the trial court is to declare the line to be the true boundary and order it resurveyed as the boundary.[2]

We also disagree with Denton County's argument that we would be unable to decide Tarrant County's appeal unless the line is marked. Just as the trial court was able to determine the correct boundary purely from the facts and the law, we would be able to do the same. Also, there are numerous temporary ways of marking the line.

Further, we cannot agree that execution will not occur until the final judgment and field notes are filed with the General Land Office. Filing the field notes and judgment with the General Land Office is merely the last step in executing on the judgment. See TEX. LOC. GOV'T CODE ANN. § 72.009(c). Denton County specifically asked the trial court to order the resurvey and monumentation of the White line. By granting this relief before entering final judgment, the trial court is partially executing on the judgment while denying Tarrant County its right to supersede the execution. This is an abuse of discretion.

■■■ The trial court expressed concern that it would not be able to enforce its judgment later if the White line is not permanently marked and monumented before final judgment is rendered. However, the trial court retains continuing jurisdiction to enforce its judgment. See TEX. CIV. PRAC. & REM. CODE ANN. § 37.011 (Vernon 1997); TEX. R. CIV. P. 301 & 308; *Reynolds v. Harrison*, 635 S.W.2d 845, 846 (Tex. App.—Tyler 1982, writ ref'd n.r.e.). Accordingly, the trial court will be able to oversee the marking and monumentation before the final judgment and field notes are filed with the General Land Office.

Our next inquiry is whether Tarrant County has an adequate remedy at law. We hold that it does not. Tarrant County cannot recover the right to supersede the judgment and maintain the status quo for purposes of appeal. Tarrant County's right to supersede would be lost forever; thus, an appeal would be an inadequate remedy. *See Valero Energy*, 973 S.W.2d

---

**2.** Permanent monumentation may take place after the appeal is complete and the appellate timetable has run. *See, e.g., Garza County v. Lynn County*, 42 S.W.2d 627, 634 (Tex.Civ. App.—Eastland 1931) (providing for completion of survey and trial court's final approval of survey after appeals exhausted), *rev'd on other grounds*, 58 S.W.2d 24, 24 (Tex. Comm'n App.1933, judgm't adopted).

**920**

at 457; *see also Mantas,* 925 S.W.2d at 659; *Walker,* 827 S.W.2d at 843.

## V. CONCLUSION

The trial court abused its discretion by ordering partial execution on the judgment in an interlocutory order, which denied Tarrant County the right to supersede the execution. Because this right would be irretrievably lost, Tarrant County does not have an adequate remedy by appeal. Accordingly, we conditionally grant mandamus relief. We trust that the trial court will comply with this opinion; the writ will issue only if it fails to do so.

Our stay remains in effect until either the writ issues or the trial court enters a final judgment.