**CITY OF FORT WORTH, Appellant,**

v.

**Emmitt JOHNSON, Appellee.**

No. 10–00–359–CV.

Court of Appeals of Texas, Waco.

Feb. 13, 2002.

---

David L. Yett, Theodore P. Gorski, Jr., Elizabeth T. Dierdorf, Asst. City Attys., Fort Worth, for appellant.

Art J. Brender, Jason C.N. Smith, Law Office of Art Brender, Fort Worth, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## ORDER

PER CURIAM.

Emmitt Johnson sued the City of Fort Worth in a "whistle blower" action when he was fired from his job with the City. After a bench trial, the trial court rendered judgment for Johnson. The City was ordered to return Johnson to work within 30 days. When Johnson reported for work, the City claimed it intended to file a notice of appeal and refused to return Johnson to work. Johnson filed a motion in the trial court requesting his reinstatement to work during the pendency of the appeal. In that motion, he contended that even though the City was exempt from giving a supersedeas bond on appeal, the trial court had the discretion to decline to permit a non-monetary judg-

ment to be superseded under the Rules of Appellate Procedure. *See* Tex. Civ. Prac. & Rem.Code § 6.002(b) (Vernon Supp.2002); Tex.R.App. P. 24.2(a)(3). The trial court denied Johnson's motion.

Johnson filed a notice of appeal and brief separate from the City's notice and brief, contending the trial court abused its discretion when it denied his motion for reinstatement. The proper method to seek review of the trial court's decision is to file a motion under Rule 24. *See* Tex. R.App. P. 24.4(a). This is the more efficient and expeditious manner of review because the appellate court is able to hear the motion at the earliest practical time. *Id.* 24.4(d). Because Johnson did not present his complaint through this avenue, we are reviewing it over a year later. For the purposes of review, however, we consider Johnson's notice of appeal and brief as a motion under Rule 24.

### DISCRETION TO DENY SUPERSEDEAS

Johnson essentially presents the same argument before this Court as he did before the trial court; that is, the trial court has discretion to deny supersedeas of the non-monetary portion of the judgment. In his motion before this Court, he argues that the trial court abused its discretion by denying his motion for reinstatement.

At the time Johnson filed his motion in the trial court, Section 6.002 of the Civil Practice and Remedies Code provided:

A home-rule municipality may institute and prosecute suits without giving security for cost and may appeal from judgment without giving supersedeas or cost bond.

Tex. Civ. Prac. & Rem.Code § 6.002(b) (Vernon Supp.2002) (amended by Acts 2001, 77th Leg., ch. 625, § 1, eff. Sept. 1,

2001).[1] No one disputes that the City of Fort Worth was a home-rule municipality.

■ Johnson contends however, that this provision only applies to money judgments and Rule 24.2(a)(3) of the Rules of Appellate Procedure applies to other judgments. Rule 24.2 provides in part:

(3) Other Judgment. When the judgment is for something other than money or an interest in property, the trial court must set the amount and type of security that the judgment debtor must post.... But the trial court may decline to permit the judgment to be superseded if the judgment creditor posts security....

TEX.R.APP. P. 24.2(a)(3). Johnson's issue in his motion to this Court is worded as follows:

Trial court erred in not reinstating Johnson because Fort Worth has no right to supersede Johnson's reinstatement because it is a judgment for non-monetary relief.

Thus, he contends, the trial court had the discretion to deny supersedeas of its judgment. We disagree with Johnson's position.

■ A city may appeal without giving a supersedeas bond. TEX. CIV. PRAC. & REM. CODE § 6.002(b) (Vernon Supp.2001). Supersedeas preserves the status quo of the matters in litigation as they existed before the issuance of the order or judgment from which an appeal is taken. *In re Tarrant County*, 16 S.W.3d 914, 918 (Tex.App.-Fort Worth 2000) (orig.proceeding). No bond

being required of the City, the trial court's judgment was automatically superseded when the City timely filed a notice of appeal. *See City of West University Place v. Martin*, 132 Tex. 354, 123 S.W.2d 638 (1939); *City of Dallas v. North by West Entertainment, Ltd.*, 24 S.W.3d 917, 919 (Tex.App.-Dallas 2000) (order); *In re Tarrant County*, 16 S.W.3d at 918; TEX.R.APP. P. 25.1(g)(2). The trial court had no discretion to deny supersedeas when no supersedeas bond was required.[2]

Johnson relies on two cases for the proposition that even in light of Section 6.002, when a non-monetary judgment is involved, the trial court may decline to allow that portion of the judgment to be superseded. We find these cases distinguishable.

In *City of Robstown*, the Corpus Christi court held that although the city was not required to file a supersedeas bond, the city was not automatically entitled to supersede the judgment. *City of Robstown v. Westergren*, 774 S.W.2d 739, 740 (Tex. App.-Corpus Christi 1989) (orig.proceeding). Two Texas Supreme Court cases[3] have upheld the trial court's discretion to allow non-monetary judgments to be superseded under Rule 364(f) of the Rules of Civil Procedure (now Rule 24.2(a)(3) of the Rules of Appellate Procedure). The Corpus Christi court followed those cases and decided the trial court had discretion to decline to supersede a non-monetary judgment even where a municipality was the appealing party. *Id.* However, in the Supreme Court cases, neither party was a

1. The amendment deleted the word "home-rule" from the text of the statute.

2. It is important to note that the issue before us is not whether the trial court has the authority to suspend the supersedeas if the trial court had set and Johnson had posted security in the amount set by the trial court under Rule 24.2(a)(3).

3. *Klein Independent School District v. Fourteenth Court of Appeals*, 720 S.W.2d 87 (Tex. 1986) (orig.proceeding) and *Hill v. Fourteenth Court of Appeals*, 695 S.W.2d 554 (Tex.1985) (orig.proceeding).

473

municipality subject to section 6.002 of the Civil Practice and Remedies Code. Thus, the Supreme Court cases relied upon are not applicable to cases where a municipality is appealing a non-monetary judgment. The discretion of the trial court would not be destroyed as the Corpus Christi court feared because it would remain intact for appealing parties other than those who are not required to file security to supersede a judgment.

Without independent analysis, the Austin court followed Corpus Christi two years later. *State v. Schless*, 815 S.W.2d 373 (Tex.App.-Austin 1991) (orig.proceeding).

We discovered a more recent case on this topic from the Texas Supreme Court than those cited by the parties. *See In re Dallas Area Rapid Transit*, 967 S.W.2d 358 (Tex.1998). DART appealed a judgment requiring it to produce certain information to the Dallas Morning News. By a statute analogous to that applicable to municipalities, the Transportation Code allows DART to file an appeal without giving a supersedeas bond. *See* TEX. TRANSP. CODE ANN. § 452.054(b) (Vernon 1999). When supersedeas was denied by the trial court, DART argued to the Supreme Court that the trial court had abused its discretion. The Supreme Court agreed, holding that the Dallas Morning News had not filed or offered to file security as a judgment creditor under Rule 47 (now rule 24.2(a)(3)) of the Rules of Appellate Procedure. *Id.* at 359. We also find this case to be distinguishable. When DART filed its notice of appeal, it also filed a motion in the trial court to stay the judgment pending appeal. This was unnecessary since the notice of appeal automatically suspended the judgment. Thus, DART invited error by asking the trial court to use discretionary powers it did not have. Whether the trial court had discretion to deny

supersedeas of the judgment against DART was not an issue before the Supreme Court. Thus, we do not believe that this Supreme Court opinion controls the analysis in this situation.

CONCLUSION

The trial court had no discretion to deny supersedeas of the judgment against the City of Fort Worth. Thus, the trial court did not err in denying Johnson's motion for reinstatement during the appeal. His motion for reinstatement by this Court is, therefore, denied.