**In re CITY OF LANCASTER, Texas, Relator.**

No. 05–07–00196–CV.

Court of Appeals of Texas, Dallas.

April 18, 2007.

Robert E. Hager and Karen S. Nelson, Nichols Jackson Dillard, Hager & Smith, LLP, Dallas, for Relator.

Barbara L. Emerson and Haakon T. Donnelly, Bellinger & DeWolf, LLP, Dallas, for Real Party In Interest.

Before Justices MOSELEY, BRIDGES, and FRANCIS.

## OPINION

Opinion By Justice MOSELEY.

In this mandamus proceeding, the City of Lancaster contends the trial court abused its discretion by entering a final judgment ordering it to reinstate a firefighter, David Clopton, within ten days of the date of the judgment, and by issuing a writ of mandamus to enforce the judgment while post-trial motions were pending and before the expiration of the City's time period for perfecting an appeal. We conditionally grant the writ in part.

## I. BACKGROUND

The City fired Clopton for failing to pass a random drug test. He sought a review of that decision under the Civil Service Act. After a hearing examiner overruled the City and ordered reinstatement, the City filed a suit for declaratory judgment seeking to have the hearing examiner's decision declared invalid. Clopton answered and filed a counterclaim seeking a writ of mandamus directing the City (but not any individual official thereof) to reinstate him pursuant to the hearing examiner's order.

Clopton filed a First Amended Motion for Summary Judgment, which the trial court granted. The judgment, dated January 30, 2007:(a) denies the City's claims and dismisses them with prejudice; (b) orders the City to reinstate Clopton "on or before ten (10) days from the date of this judgment ... to be effective as of July 5, 2006, in the same position, or its equivalent held at the time of his discharge ..."; (c) finds that Clopton "is entitled to and shall be paid, all lost pay and benefits from July 5, 2006"; (d) awards Clopton all taxable costs of court; and (e) provides that "[t]he clerk shall forthwith, when so requested by Defendant David Clopton, issue a writ of mandamus in conformity with the law and the terms of this Judgment." The judgment also recites that "[a]ll relief not expressly granted herein is denied. This Judgment disposes of all the parties and all the claims."

On February 13, 2007, the district clerk issued a writ of mandamus commanding the City to, among other things, reinstate Clopton "ON OR BEFORE TEN (10) DAYS FROM THE DATE OF THIS JUDGMENT...." The writ was served on February 16, 2007.

The City then filed this petition for writ of mandamus, asking this Court to "order the trial court to vacate its own writ of

mandamus, set aside the final summary judgment . . ., stay any enforcement proceedings arising out of that order, and remand this case to the trial court for further proceedings on the post-judgment motions." The City's petition also states that "in an abundance of caution, the City has concurrently filed a notice of appeal from the trial court, and it will address appellate arguments in that proceeding."[1] In the mandamus proceeding the City also filed a motion for expedited ruling and a motion to stay. On February 21, 2007, this Court entered an order staying the trial court's judgment below;[2] we also requested a response from Clopton, which has been filed.

## II. THE RECORD

We note that no one swore to the entirety of record submitted in support of the City's petition. *See* Tex. Rs. App. P. 52.3(j)(1)(A) (appendix must contain "a certified or sworn copy of any order complained of, or any other document showing the matter complained of . . . ."); 52.7(a)(1) (relator must file "certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding . . . ."). However, the record contains a certified copy of the writ of mandamus issued by the district clerk, which has a copy of the final summary judgment attached thereto. We base our review on this certified document, *see id.*, and on Clopton's response.

1. We take judicial notice that the City has timely filed a notice of appeal from the judgment, which has been received and filed by the Clerk of this Court in cause number 05–07–00210–CV, styled *City of Lancaster v. David Clopton.*

2. The February 21 order stays: that portion of the judgment requiring the City to reinstate Clopton "on or before ten (10) days from the date of this Judgment . . . ."; that portion of

## III. PRINCIPLES GOVERNING MANDAMUS AUTHORITY

### A. Jurisdiction

■ District courts have

exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body. District Court judges shall have the power to issue writs necessary to enforce their jurisdiction.

Tex. Const. art. V, § 8; *see* Tex. Gov't Code Ann. § 24.011 (Vernon 1988) ("A judge of a district court may . . . grant writs of mandamus . . . and all other writs necessary to the enforcement of the court's jurisdiction."). An action for a writ of mandamus initiated in the trial court is a civil action subject to appeal as any other civil suit. *Anderson v. City of Seven Points,* 806 S.W.2d 791, 792 n. 1 (Tex. 1991).

An appellate court has jurisdiction to issue "a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court," as well as "all writs of mandamus, agreeable to the principles of law regulating those writs, against a . . . judge of a district or county court in the court of appeals district. . . ." Tex. Gov't Code Ann. § 22.221(a), (b)(1) (Vernon 2004).

the judgment ordering the Clerk to "forthwith, when so requested by the [firefighter], issue a writ of mandamus in conformity with the law and the terms of this Judgment"; the writ of mandamus issued by the district clerk pursuant to the judgment; and any other order or writ of mandamus issued pursuant to or in compliance with the text of the judgment specified above.

## B. Extraordinary Remedy

 Mandamus is intended to be an extraordinary remedy, available only in limited circumstances, and not for grievances that may be addressed by other remedies such as an appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Thus, mandamus will not issue absent a clear abuse of discretion that leaves the aggrieved party no adequate remedy at law. *Liberty Nat'l Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 629–30 (Tex.1996). Absent extraordinary circumstances, mandamus is not available to supervise or correct rulings of a trial judge that are mere incidents in the normal trial process when there is an adequate remedy by appeal for their correction. *Grimm v. Garner,* 589 S.W.2d 955, 956 (Tex.1979).

## C. Abuse of Discretion

 A party is entitled to mandamus relief to compel a public official to perform a ministerial act. *Anderson,* 806 S.W.2d at 793. For mandamus purposes, ministerial acts are those for which "the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *Ballantyne v. Champion Builders, Inc.,* 144 S.W.3d 417, 425 (Tex.2004) (citing *Comm'r of the Gen. Land Office v. Smith,* 5 Tex. 471, 479 (1849)). "If the public official must obey an order, without having any choice in complying, the act is ministerial. . . . If an action involves personal deliberation, decision, and judgment, however, it is discretionary." *Id.* (citations omitted). However, the district court may not use its mandamus jurisdiction to substitute its discretion for that of the public official. *Vondy v. Comm'rs Court of Uvalde County,* 620 S.W.2d 104, 109 (Tex.1981).

A trial court "has no 'discretion' in determining what the law is or applying the law to the facts." *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135 (Tex.2004) (orig. proceeding) (citing *Walker,* 827 S.W.2d at 840). Thus, a trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex.2005) (orig. proceeding).

## D. Adequate Remedy at Law

 Whether a petitioner has no adequate remedy at law "has no comprehensive definition." *In re Ford Motor Co.,* 165 S.W.3d 315, 317 (Tex.2005) (orig. proceeding) (citing *In re Prudential Ins. Co. of Am.,* 148 S.W.3d at 136). Determining whether an appeal constitutes an adequate remedy requires a "careful balance of jurisprudential considerations" that "implicate both public and private interests." *See id.* An appeal is inadequate if a party is in danger of permanently losing substantial rights. *In re Van Waters & Rogers, Inc.,* 145 S.W.3d 203, 211 (Tex.2004) (orig. proceeding). Such a danger arises when, inter alia, the appellate court would be unable to cure the error. *Id.*

## IV. REINSTATEMENT WITHIN TEN DAYS OF JUDGMENT AND ISSUANCE OF WRIT OF MANDAMUS

 The City contends, among other things, that the trial court clearly abused its discretion by ordering the City to reinstate Clopton within ten days of the trial court's judgment, and by issuing a writ of mandamus requiring reinstatement prior to the expiration of its time for pursuing post-judgment relief before the trial court as well as its time for perfecting an appeal. It argues that reinstatement—at least during the pendency of the appeal—is not a ministerial act, and that the judgment and

writ interfere with its right to supersede the judgment during appeal. We agree.

Mandamus relief is available to compel a public official to perform a ministerial act. *Anderson,* 806 S.W.2d at 793. As noted earlier, "[i]f the public official must obey an order, without having any choice in complying, the act is ministerial.... If an action involves personal deliberation, decision, and judgment, however, it is discretionary." *Ballantyne,* 144 S.W.3d at 425.

Obedience to a final judgment as of the date thereof—or indeed ten days thereafter—is not a ministerial act. The City—through its officers and employees—may choose to comply immediately, or it may ask the trial court to reconsider, or it may choose to appeal; indeed, our rules allow it some time to decide. *See* TEX.R. CIV. P. 329b (time for filing motions for new trial and other motions); TEX.R.APP. P. 26.1 (time for perfecting appeal). Although a litigant ultimately must comply with a final judgment, its legal obligation to do so does not arise instantly upon—or ten days after—the date the trial court enters a judgment disposing of all the issues and all the parties. Thus, the City's duty to reinstate Clopton—at least before its post-judgment and appellate options expire—is not a duty "ministerial" in nature: it is not so prescribed and defined as to "leave nothing to the exercise of discretion or judgment." *Ballantyne,* 144 S.W.3d at 425.

■ Further, the right to supersede a judgment is absolute and not a matter within the trial court's discretion. *Weber v. Walker,* 591 S.W.2d 559, 562 (Tex.Civ. App.-Dallas 1979, no writ); *In re Tarrant County,* 16 S.W.3d 914, 918–19 (Tex.App.-Fort Worth 2000) (orig. proceeding) ((citing *Houtchens v. Mercer,* 119 Tex. 431, 29 S.W.2d 1031, 1033 (1930) (orig. proceeding)); *State ex rel. State Highway & Pub. Transp. Comm'n v. Schless,* 815 S.W.2d 373, 375 (Tex.App.-Austin 1991, orig. pro-

ceeding [leave denied] )). Supersedeas preserves the status quo of the matters in litigation as they existed before the issuance of the order or judgment from which an appeal is taken. *City of Fort Worth v. Johnson,* 71 S.W.3d 470, 472 (Tex.App.-Waco 2002, no pet.) (per curiam) (citing *In re Tarrant County,* 16 S.W.3d at 918–19). The City is exempt from posting security to supersede a judgment during appeal. *See* TEX.R.APP. P. 25.1(g) (judgment enforceable during appeal unless superseded or appellant is entitled to supersede judgment without security by filing notice of appeal); TEX. CIV. PRAC. & REM.CODE § 6.002(b) (Vernon 2002) (municipality may appeal from judgment without giving supersedeas or cost bond).

By ordering the City to reinstate Clopton within ten days of the January 30 judgment, and by issuing a writ of mandamus on February 13 to enforce the judgment, the trial court negated the City's right to supersede the judgment—or at least that part of the judgment commanding it to reinstate Clopton—for the duration of the City's appeal. In other words, it stripped the City of its ability to preserve "the status quo of the matters in litigation as they existed before the issuance of the order or judgment...." *City of Fort Worth,* 71 S.W.3d at 472. Thus, the trial court clearly failed to correctly analyze or apply the law—it clearly abused its discretion. *See In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d at 382.

Our next inquiry is whether the City has an adequate remedy at law. We hold it does not. First, absent mandamus relief, the City cannot recover its right to maintain the status quo during its appeal. Just as a litigant's right to supersede an adverse judgment during appeal would be lost forever if execution is permitted prior to the entry of a final, appealable judgment, *see In re Tarrant County,* 16 S.W.3d

at 918, the City's right to not reinstate Clopton until it exhausts its post-judgment and appellate remedies would be lost forever if mandamus relief is not granted. Second, by ordering the City to reinstate Clopton within ten days of the judgment and by issuing a writ of mandamus, the trial court impermissibly compels the City to take particular action (comply with the judgment) on a matter that—prior to the exhaustion of its post-judgment and appellate remedies—remains within its discretion. *See Vondy*, 620 S.W.2d at 109. Such coercion cannot be remedied by appeal. Thus, we conclude that mandamus is available to supervise or correct the trial court's ruling. *See Liberty Nat'l Fire Ins. Co.*, 927 S.W.2d at 629–30; *Walker*, 827 S.W.2d at 840; *Grimm*, 589 S.W.2d at 956.

## V. OTHER ISSUES

The City also argues the trial court abused its discretion by granting mandamus relief because such relief was unsupported by Clopton's pleadings, his motion for summary judgment, or the summary judgment evidence.[3] However, by granting relief with respect to the judgment's requirement that the City reinstate Clopton within ten days and the writ of mandamus issued by the trial court on February 13, 2007, we have addressed the City's complaints as to its obligations pending the presentation of its post-judgment motions and its appeal of the trial court's judgment. To the extent the City's additional arguments—or any other arguments pertaining to the trial court's judgment or the relief granted therein—may be correct, we

conclude that the City has not shown its appeal constitutes an inadequate remedy at law. *See Walker*, 827 S.W.2d at 840. Moreover, and except as described above, we decline to hold the trial court abused its discretion based on the limited record before us. *See id.* at 837 (relator has burden to provide court with sufficient record to establish right to mandamus relief). Therefore, we do not reach the substantive merits of the City's additional arguments, and leave them to the appeal. We deny the remainder of the City's petition.

## VI. CONCLUSION

We conditionally grant the writ of mandamus as follows. We order[4] the trial court to withdraw, vacate, or otherwise dissolve its writ of mandamus issued February 13, 2007. We further order the trial court to modify its January 30, 2007 judgment by deleting: (1) any requirements that the City reinstate Clopton during the pendency of the appeal [appellate cause number 05–07–00210–CV]; and (2) any authorization for issuance of a writ of mandamus to enforce the judgment during the pendency of the appeal [appellate cause number 05–07–00210–CV].

We further order the trial court to file with this Court, within ten (10) days of the date of this order, a certified copy of its judgment or orders showing compliance with this order. Should the trial court fail to do so, the writ will issue. Except as provided herein, our February 21, 2007 order remains in effect until the trial court so complies, or until the writ is issued.

We order relator the City of Lancaster to cause the trial court clerk to file in

---

**3.** As part of this argument, the City asserts: mandamus is improper under the applicable civil service law; Clopton failed to comply with the basic procedural requisites for claiming mandamus relief, including prerequisites in pleading and in seeking summary judgment; mandamus relief is not supported by the summary judgment evidence; and, as the

judgment awards Clopton "all lost pay and benefits," it is apparent on the face of the record that Clopton has an adequate remedy at law.

**4.** We note the trial court retains plenary power over its January 30, 2007 judgment. *See* Tex.R. Civ. P. 329b(e).

appellate cause number 05–07–00210–CV a supplemental record containing the modified judgment. *See* TEX.R.APP. P. 34.5(c)(1). Pursuant to Texas Rule of Appellate Procedure 27.3, we will treat the appeal in cause number 05–07–00210–CV as from the modified judgment. TEX. R.APP. P. 27.3 (appellate court must treat the appeal as from the subsequent judgment if trial court modifies judgment after it has been appealed).

We order the Clerk of the Court of Appeals to file a copy of the order issued herein with the papers in appellate cause number 05–07–00210–CV.

We order that relator City of Lancaster recover its costs of this original proceeding from real party in interest David Clopton.