**In re CITY OF CRESSON,
Texas, Relator.**

No. 2–07–446–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 8, 2008.

J. Grady Randle, Houston, TX, for Relator.

Taylor, Olson, Adkins, Sralla & Elam, L.L.P., and Wayne K. Olson and Fredrick 'Fritz' Quast, Fort Worth, TX, for Real Parties In Interest.

Panel B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

Relator, the City of Cresson, Texas, has filed a petition for writ of injunction, asking this court to enjoin real party in interest, the City of Granbury, Texas, from asserting jurisdiction and enforcing its ordinances and regulations in four tracts of land in which each city claims an interest. For the reasons set forth below, we grant the petition for injunctive relief.

Cresson and Granbury adopted competing ordinances regarding four tracts of land along Highway 377 in Hood County (the Disputed Tracts). *City of Cresson v. City of Granbury*, 245 S.W.3d 61, 63 (Tex. App.-Fort Worth, 2008, no pet. h.) (op. on reh'g). Cresson's ordinances included the Disputed Tracts within its extraterritorial jurisdiction (ETJ) in accordance with petitions from landowners in the Disputed Tracts, and Granbury's ordinances-which were enacted shortly after Cresson's-attempted to annex all four of the Disputed Tracts in successive ordinances passed on the same day. *Id.* Cresson filed suit against Granbury seeking a declaratory judgment that Granbury's annexation ordinances were void; Granbury filed a counterclaim seeking a declaration that Cres-

son's ordinances are void. *Id.* at 64. The parties filed competing motions for summary judgment, and the trial court granted Granbury's. *Id.* However, on appeal, this court reversed the summary judgment granted in Granbury's favor and rendered summary judgment for Cresson. *Id.* at 68–69.

While Granbury's motion for rehearing was pending in this court, Cresson filed a petition for writ of injunction alleging that Granbury was continuing to assert jurisdiction within the Disputed Tracts despite this court's April 19, 2007 opinion holding that Granbury's ordinances are void.[1] We requested a response from Granbury; in it, Granbury admitted that it had been asserting jurisdiction and enforcing its ordinances and regulations in the Disputed Tracts despite our prior opinion and judgment. Although Granbury acknowledges that this court reversed the trial court's judgment, it nevertheless contends that it need not discontinue its activity within the Disputed Tracts until this court's mandate issues.

According to Granbury, it must continue to assert jurisdiction within the Disputed Tracts by enforcing its ordinances and regulations (for example, sign, billboard, and sexually oriented business ordinances and regulations), collecting taxes, and collecting oil and gas well permit fees "to protect the public health, safety, and welfare in the [Disputed Tracts]" because "Cresson's regulations are either non-existent or substantially less restrictive than Granbury's regulations." Granbury also contends that if it "simply ignores non-conforming or

---

1. Cresson alleges that Granbury has done the following: (1) required, accepted, processed, and charged fees for oil and gas drilling within the Disputed Tracts; (2) enforced its sign ordinance within the Disputed Tracts; (3) issued traffic citations and worked traffic viola-tions within the Disputed Tracts; (4) refused to relocate its city limits signs within the Disputed Tracts; and (5) certified tax rolls of the Disputed Tracts as being within Granbury's jurisdiction.

illegal businesses, buildings, activities or uses in the [Disputed Tracts] during the appeal it would suffer a detriment if it ultimately prevails" because it "would be forced either to allow the illegal activities or uses to continue (under some non-conforming use theory) or likely have to engage in time consuming and costly enforcement actions to abate the illegal activities or uses."

A municipality may appeal a judgment without giving a supersedeas or cost bond. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 6.002(b) (Vernon 2002); *City of Fort Worth v. Johnson,* 71 S.W.3d 470, 472 (Tex.App.-Waco 2002, no pet.); *see also In re City of Lancaster,* 220 S.W.3d 212, 216–17 (Tex.App.-Dallas 2007, orig. proceeding) (holding that the trial court could not negate city's right to supersede judgment by issuing writ of mandamus requiring city to comply with judgment before exhaustion of postjudgment and appellate remedies). Cresson's filing of the notice of appeal superseded the trial court's judgment, which Granbury concedes. *See City of Fort Worth,* 71 S.W.3d at 472; *In re Tarrant County,* 16 S.W.3d 914, 918 (Tex. App.-Fort Worth 2000, orig. proceeding); *see also* TEX.R.APP. P. 25.1(g) (providing that judgment may be superseded by filing of a notice of appeal only if appellant is entitled to supersede without security by filing notice of appeal).

■ Although Granbury acknowledges that the trial court's judgment is superseded and that this court has held that Granbury's ordinances are void, Granbury contends that it can continue its activities in the Disputed Tracts because this court's judgment is not final and enforceable until mandate issues. It is true that this court's judgment is not enforceable in the trial

court until it is final and mandate issues. *In re Long,* 984 S.W.2d 623, 625–26 (Tex. 1999); *Edwards Aquifer Auth. v. Chem. Lime, Ltd.,* 212 S.W.3d 683, 694 (Tex.App.-Austin 2006, pet. granted) (op. on reh'g); *see also* Stacy Obenhaus, *It Ain't Over 'Til It's Over: The Appellate Mandate in Texas Courts,* 15 THE APPELLATE ADVOCATE: STATE BAR OF TEXAS APPELLATE SECTION REPORT 4, 5–8 (2003). But Cresson is not simply trying to enforce this court's judgment; *it is complaining about Granbury behaving as if the trial court's judgment in its favor has not been superseded.* By continuing to act as if its own ordinances are in effect in the Disputed Tracts, Granbury ignores the effect of Cresson's superseding the trial court's judgment.

■ Supersedeas preserves the status quo of the matters in litigation as they existed before the issuance of the order or judgment from which an appeal is taken. *City of Lancaster,* 220 S.W.3d at 216; *Johnson,* 71 S.W.3d at 472; *Tarrant County,* 16 S.W.3d at 918.[2] For injunctive purposes, the "[s]tatus quo is defined as 'the last, actual, peaceable, noncontested status which preceded the pending controversy.' " *Fox v. Tropical Warehouses, Inc.,* 121 S.W.3d 853, 857 (Tex.App.-Fort Worth 2003, no pet.). When a municipality is entitled to supersede a judgment on appeal, its right to do so is absolute, and the matter is not within the trial court's discretion. *Johnson,* 71 S.W.3d at 472–73; *Tarrant County,* 16 S.W.3d at 918. The right to supersede a judgment exists during the pendency of the matter on appeal and should also continue, in a case such as this, upon issuance of an appellate court judgment reversing the lower court's judgment. *See City of Lancaster,* 220 S.W.3d

2. *See also* TEX.R.APP. P. 24.1(f) ("Enforcement of a judgment must be suspended if the judgment is superseded. Enforcement begun before the judgment is superseded must cease when the judgment is superseded.").

at 216–17; *Tarrant County,* 16 S.W.3d at 919.

 "Any action in disregard of a supersedeas is contempt of the jurisdiction of the court in which an appeal, with supersedeas, is pending." *McDowell v. Hightower,* 111 Tex. 585, 242 S.W. 753, 753 (1922). An appellate court may issue a writ of injunction to protect and enforce the rights of a litigant who has superseded a trial court's judgment. *See Herring v. Houston Nat'l Exch. Bank,* 113 Tex. 337, 255 S.W. 1097, 1101–03 (1923); *McDowell,* 242 S.W. at 753–54; *McConnell v. Libecap,* 38 S.W.2d 408, 410–11 (Tex.Civ.App.-Dallas 1931, orig. proceeding); *see also Ammex Warehouse Co. v. Archer,* 381 S.W.2d 478, 481–85 (Tex.1964) (holding that appellate court could properly issue writ of prohibition to prevent trial judge's temporary injunction order from interfering with State's right to supersede judgment on appeal). This court thus has jurisdiction to protect the rights of a relator by requiring restoration of the status quo, i.e., to protect Cresson by prohibiting Granbury from behaving as if the trial court's judgment has not been superseded and reversed by this court. *See McConnell,* 38 S.W.2d at 410; *see also Edwards Aquifer Auth.,* 212 S.W.3d at 695–96 (noting that trial court's power to enforce its judgment by contempt ceases upon reversal of trial court judgment by appellate court, even before issuance of mandate); *cf.* Tex. R.App. P. 24.4(c) (providing that appellate court reviewing trial court's decision on supersedeas "may issue any temporary or-

der necessary to preserve the parties' rights").

 Granbury's admitted activities within the Disputed Tracts are in defiance of the status of the trial court's judgment as superseded. Accordingly, until the earlier of the issuance of mandate in cause number 02–06–00227–CV or the issuance of a contrary order or judgment of the Supreme Court of Texas, Granbury shall be restrained from asserting jurisdiction within the Disputed Tracts or otherwise acting as if its ordinances annexing the Disputed Tracts are valid and Cresson's ordinances including the Disputed Tracts within its ETJ are void.[3]

We grant Cresson's petition for injunctive relief. A writ of injunction will issue only if Granbury fails to comply with the order of this court as set forth in this opinion.

---

3. Because both Cresson and Granbury claimed jurisdiction to the Disputed Tracts by virtue of competing ordinances, preserving the status quo of the parties may mean more than merely prohibiting Granbury from asserting jurisdiction within the Disputed Tracts; as Granbury emphasizes, mandate has not yet issued with respect to our judg-

ment in Cresson's favor. Preserving the status quo means returning the Disputed Tracts to the status of their governance prior to both cities' asserting jurisdiction over the Disputed Tracts. *See Cresson,* 245 S.W.3d at 63 ("The remaining four consecutive one-mile areas . . . (the Disputed Tracts) were not included in any city's ETJ").