COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-446-CV

 

 

IN RE CITY OF CRESSON, TEXAS                                              RELATOR

 

 

                                              ------------

 

                                    ORIGINAL PROCEEDING

 

                                              ------------

 

                                             OPINION

 

                                              ------------

Relator, the City of Cresson,
Texas, has filed a petition for writ of injunction, asking this court to enjoin
real party in interest, the City of Granbury, Texas, from asserting
jurisdiction and enforcing its ordinances and regulations in four tracts of land
in which each city claims an interest. 
For the reasons set forth below, we grant the petition for injunctive
relief.








Cresson and Granbury adopted
competing ordinances regarding four tracts of land along Highway 377 in Hood
County (the Disputed Tracts).  City of
Cresson v. City of Granbury, No. 02-06-00227-CV, 2008 WL 110186, at *1
(Tex. App.CFort Worth
Jan. 10, 2008, no pet. h.) (op. on reh=g).  Cresson=s ordinances included the Disputed Tracts within its extraterritorial
jurisdiction (ETJ) in accordance with petitions from landowners in the Disputed
Tracts, and Granbury=s ordinancesCwhich were enacted shortly after Cresson=sC  attempted to annex all four of the Disputed
Tracts in successive ordinances passed on the same day.  Id. 
Cresson filed suit against Granbury seeking a declaratory judgment that
Granbury=s annexation ordinances were void; Granbury filed a counterclaim
seeking a declaration that Cresson=s ordinances are void.  Id.
at *2.  The parties filed competing
motions for summary judgment, and the trial court granted Granbury=s.  Id.  However, on appeal, this court reversed the
summary judgment granted in Granbury=s favor and rendered summary judgment for Cresson.  Id. at *1B2.








While Granbury=s motion for rehearing was pending in this court, Cresson filed a
petition for writ of injunction alleging that Granbury was continuing to assert
jurisdiction within the Disputed Tracts despite this court=s April 19, 2007 opinion holding that Granbury=s ordinances are void.[1]  We requested a response from Granbury; in it,
Granbury admitted that it had been asserting jurisdiction and enforcing its
ordinances and regulations in the Disputed Tracts despite our prior opinion and
judgment.  Although Granbury acknowledges
that this court reversed the trial court=s judgment, it nevertheless contends that it need not discontinue its
activity within the Disputed Tracts until this court=s mandate issues.

According to Granbury, it
must continue to assert jurisdiction within the Disputed Tracts by enforcing
its ordinances and regulations (for example, sign, billboard, and sexually
oriented business ordinances and regulations), collecting taxes, and collecting
oil and gas well permit fees Ato protect the public health, safety, and welfare in the [Disputed
Tracts]@ because ACresson=s regulations are either non-existent or substantially less
restrictive than Granbury=s
regulations.@  Granbury also contends that if it Asimply ignores non-conforming or illegal businesses, buildings,
activities or uses in the [Disputed Tracts] during the appeal it would suffer a
detriment if it ultimately prevails@ because it Awould be
forced either to allow the illegal activities or uses to continue (under some
non-conforming use theory) or likely have to engage in time consuming and
costly enforcement actions to abate the illegal activities or uses.@ 








A municipality may appeal a
judgment without giving a supersedeas or cost bond.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 6.002(b) (Vernon 2002); City of Fort Worth v. Johnson, 71
S.W.3d 470, 472 (Tex. App.CWaco 2002, no pet.); see also In re City of Lancaster, 220
S.W.3d 212, 216B17 (Tex.
App.CDallas 2007, orig. proceeding) (holding that the trial court could not
negate city=s right to
supersede judgment by issuing writ of mandamus requiring city to comply with
judgment before exhaustion of postjudgment and appellate remedies).  Cresson=s filing of the notice of appeal superseded the trial court=s judgment, which Granbury concedes. 
See City of Fort Worth, 71 S.W.3d at 472; In re Tarrant County,
16 S.W.3d 914, 918 (Tex. App.CFort Worth 2000, orig. proceeding); see also Tex. R. App. P. 25.1(g) (providing that
judgment may be superseded by filing of a notice of appeal only if appellant is
entitled to supersede without security by filing notice of appeal).








Although Granbury
acknowledges that the trial court=s judgment is superseded and that this court has held that Granbury=s ordinances are void, Granbury contends that it can continue its
activities in the Disputed Tracts because this court=s judgment is not final and enforceable until mandate issues.  It is true that this court=s judgment is not enforceable in the trial court until it is final and
mandate issues.  In re Long, 984
S.W.2d 623, 625B26 (Tex.
1999); Edwards Aquifer Auth. v. Chem. Lime, Ltd., 212 S.W.3d 683, 694
(Tex. App.CAustin 2006,
pet. granted) (op. on reh=g); see
also Stacy Obenhaus, It Ain't Over 'Til It's Over:  The Appellate Mandate in Texas Courts, 15
The Appellate Advocate:  State Bar of Texas Appellate Section Report 4,
5‑8 (2003).  But Cresson is not
simply trying to enforce this court=s judgment; it is complaining about Granbury behaving as if the
trial court=s judgment
in its favor has not been superseded.  By continuing to act as if its own ordinances
are in effect in the Disputed Tracts, Granbury ignores the effect of Cresson=s superseding the trial court=s judgment.








Supersedeas preserves the
status quo of the matters in litigation as they existed before the issuance of
the order or judgment from which an appeal is taken.  City of Lancaster, 220 S.W.3d at 216; Johnson,
71 S.W.3d at 472; Tarrant County, 16 S.W.3d at 918.[2]  For injunctive purposes, the A[s]tatus quo is defined as >the last, actual, peaceable, noncontested status which preceded the
pending controversy.=@  Fox v. Tropical Warehouses,
Inc., 121 S.W.3d 853, 857 (Tex. App.CFort Worth 2003, no pet.).  When
a municipality is entitled to supersede a judgment on appeal, its right to do
so is absolute, and the matter is not within the trial court=s discretion.  Johnson,
71 S.W.3d at 472-73; Tarrant County, 16 S.W.3d at 918.  The right to supersede a judgment exists
during the pendency of the matter on appeal and should also continue, in a case
such as this, upon issuance of an appellate court judgment reversing the lower
court=s judgment.  See City of
Lancaster, 220 S.W.3d at 216-17; Tarrant County, 16 S.W.3d at 919.








AAny action
in disregard of a supersedeas is contempt of the jurisdiction of the court in
which an appeal, with supersedeas, is pending.@  McDowell v. Hightower,
111 Tex. 585, 242 S.W. 753, 753 (1922). 
An appellate court may issue a writ of injunction to protect and enforce
the rights of a litigant who has superseded a trial court=s judgment.  See Herring v.
Houston Nat=l Exch. Bank, 113 Tex. 337, 255 S.W. 1097, 1101-03 (1923); McDowell, 242
S.W. at 753-54; McConnell v. Libecap, 38 S.W.2d 408, 410-11 (Tex. Civ.
App.CDallas 1931, orig. proceeding); see also Ammex Warehouse Co. v.
Archer, 381 S.W.2d 478, 481-85 (Tex. 1964) (holding that appellate court
could properly issue writ of prohibition to prevent trial judge=s temporary injunction order from interfering with State=s right to supersede judgment on appeal).  This court thus has jurisdiction to protect
the rights of a relator by requiring restoration of the status quo, i.e., to
protect Cresson by prohibiting Granbury from behaving as if the trial court=s judgment has not been superseded and reversed by this court.  See McConnell, 38 S.W.2d at 410; see
also Edwards Aquifer Auth., 212 S.W.3d at 695-96 (noting that trial court=s power to enforce its judgment by contempt ceases upon reversal of
trial court judgment by appellate court, even before issuance of mandate); cf.
Tex. R. App. P. 24.4(c)
(providing that appellate court reviewing trial court=s decision on supersedeas Amay issue any temporary order necessary to preserve the parties= rights@).

Granbury=s admitted activities within the Disputed Tracts are in defiance of
the status of the trial court=s judgment as superseded. 
Accordingly, until the earlier of the issuance of mandate in cause
number 02-06-00227-CV or the issuance of a contrary order or judgment of the
Supreme Court of Texas, Granbury shall be restrained from asserting
jurisdiction within the Disputed Tracts or otherwise acting as if its
ordinances annexing the Disputed Tracts are valid and Cresson=s ordinances including the Disputed Tracts within its ETJ are void.[3]


 








We grant Cresson=s petition for injunctive relief. 
A writ of injunction will issue only if Granbury fails to comply with
the order of this court as set forth in this opinion.

 

TERRIE LIVINGSTON

JUSTICE

 

PANEL B:   LIVINGSTON,
DAUPHINOT, and HOLMAN, JJ.

DELIVERED: 
February 8, 2008











[1]Cresson
alleges that Granbury has done the following: 
(1) required, accepted, processed, and charged fees for oil and gas
drilling within the Disputed Tracts; (2) enforced its sign ordinance within the
Disputed Tracts; (3) issued traffic citations and worked traffic
violations within the Disputed Tracts; (4) refused to relocate its city limits
signs within the Disputed Tracts; and (5) certified tax rolls of the Disputed
Tracts as being within Granbury=s jurisdiction.  





[2]See
also Tex. R. App. P. 24.1(f)
(AEnforcement
of a judgment must be suspended if the judgment is superseded.  Enforcement begun before the judgment is
superseded must cease when the judgment is superseded.@).





[3]Because
both Cresson and Granbury claimed jurisdiction to the Disputed Tracts by virtue
of competing ordinances, preserving the status quo of the parties may mean more
than merely prohibiting Granbury from asserting jurisdiction within the
Disputed Tracts; as Granbury emphasizes, mandate has not yet issued with
respect to our judgment in Cresson=s favor.  Preserving the status quo means returning the
Disputed Tracts to the status of their governance prior to both cities=
asserting jurisdiction over the Disputed Tracts.  See Cresson, 2008 WL 110286, at *1 (AThe
remaining four consecutive one-mile areas . . . (the Disputed Tracts) were not
included in any city=s ETJ@).