In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00382-CV

_____

IN RE MUJTABA ALI KHAN

Original Proceeding

MEMORANDUM OPINION

Mujtaba Ali Khan seeks mandamus relief from an interlocutory trial court order enforcing a partial summary judgment. The case in the trial court is a dispute over the ownership and control of Xenon Anesthesia of Texas, P.L.L.C. ("Xenon Texas"). Haroon Chaudhry and Xenon Health L.L.C. ("Xenon Health") sued Khan and Xenon Texas for breach of contract, tortious interference with existing contract, and specific performance. Khan and Xenon Texas have been enjoined from making any expenditures or incurring any indebtedness outside the ordinary course of business or from transferring or encumbering any ownership interests of Xenon Texas. *See Xenon Anesthesia of Tex. P.L.L.C. v. Xenon Health L.L.C.*, No.

1

09-12-00553-CV, 2013 WL 1279408, at *4 (Tex. App.—Beaumont Mar. 28, 2013, no pet.).

On June 20, 2013, the trial court signed an order granting Chaudhry's motion for summary judgment on Chaudhry's claims against Khan, ordered Khan to transfer Xenon Texas to Chaudhry "as soon as practicable," and required Khan to provide certain information to Chaudhry within thirty days. After an enforcement hearing, the trial court on August 9, 2013, ordered Khan to execute an Equity Interest Assignment Agreement that assigns to Chaudhry all of Khan's interest in Xenon Texas and replaces Khan with Chaudhry as the sole member and manager of the company. The trial court denied Khan's request for a severance or for permission to appeal.

Khan contends that the trial court abused its discretion by ordering compliance with a partial summary judgment before the final judgment is signed. Generally, a party has a right to suspend the enforcement of a judgment during an appeal. *See* Tex. R. App. P. 24.1; *In re Tarrant Cnty.*, 16 S.W.3d 914, 918 (Tex. App.—Fort Worth 2000, orig. proceeding). The party's right to supersede the judgment and maintain the status quo for purposes of appeal may be lost forever where the trial court allows partial enforcement of the judgment before final judgment is entered. *Id.* at 919. Specific performance of an agreement to transfer

ownership and control of Xenon Health from Khan to Chaudhry is a significant part of the ultimate relief being sought in this case. By compelling Khan to effectuate the transfer before an appealable judgment has been signed, the trial court has deprived Khan of his right to obtain appellate review before the judgment is enforced. The trial court abused its discretion and the relator lacks an adequate remedy by appeal. *Id.* at 920.

We conditionally grant the petition for writ of mandamus . We are confident the trial court will vacate its order of August 9, 2013. The writ shall issue only if the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on September 3, 2013
Opinion Delivered September 26, 2013

Before Gaultney, Kreger, and Horton, JJ.