**Opinion issued July 27, 2017**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-16-00952-CV

_____

## IN RE MIGUEL ZARAGOZA FUENTES, Relator

## and

## IN RE ELSA ESTHER CARRILLO ANCHONDO AND EAGLE RIDGE PROPERTIES, LLC, Relators

---

### Original Proceedings on Petitions for Writ of Mandamus

---

### O P I N I O N

In this original proceeding, the relators seek relief from the trial court's denial

of their requests to enforce a supersedeas bond, which was filed to stay execution of

a divorce decree while that decree is on appeal.[1]

The trial court's divorce decree between Miguel Fuentes and Evangelina Lopez Guzman Zaragoza awarded Evangelina three residential properties in El Paso, Texas, in addition to other property and money. Miguel and several third parties have appealed the decree, and their appeal is pending in our court. *See Miguel Zaragoza Fuentes, et. al. v. Evangelina Lopez Guzman Zaragoza*, Case No. 01-16-00251-CV (Tex. App.—Houston [1st Dist.]). Miguel posted a bond to supersede the judgment. Before the divorce decree was final and before Miguel posted the bond, Evangelina filed a copy of the decree in the El Paso County real property records and took possession of the three properties awarded to her. Her possession of these properties became the source of the present ancillary dispute.

Miguel moved the trial court to enforce the supersedeas bond, claiming that Evangelina's continued possession of the properties violates the bond. When the trial court denied that relief, Miguel filed a motion seeking enforcement of the bond and a petition for a writ of mandamus with this court. Third party appellants Elsa Esther Carrillo Anchondo and her wholly owned company, Eagle Ridge Properties, LLC, filed similar requests for relief.

---

[1] The underlying case is *In the Matter of the Marriage of Evangelina Lopez Guzman Zaragoza and Miguel Zaragoza Fuentes, et al.*, cause number 2014–30215, pending in the 245th District Court of Harris County, the Honorable Roy L. Moore presiding.

Miguel and the Carillo relators request that this court enforce the supersedeas bond and order that Evangelina (1) withdraw her El Paso County filings and (2) surrender physical possession of the properties pending appeal. We deny the motions filed in the appeal as moot and consider the requests as petitions for writ of mandamus. We conditionally grant the petitions.

**Background**

Evangelina petitioned for divorce against Miguel in Harris County, Texas in May 2014. On December 21, 2015, the trial court signed its final decree of divorce. [2] Although titled in Eagle Ridge's name, the trial court's findings of fact and conclusions of law in the divorce proceeding attribute ownership of three residential properties in El Paso County to Miguel. In the decree, the trial court determined that the El Paso properties were part of Miguel and Evangelina's marital estate, and it awarded the properties to Evangelina. The decree states that it may "serve as a muniment of title to transfer ownership of all property awarded to any party in this Final Decree of Divorce."

---

[2] Evangelina asserts that a final judgment was rendered when the trial court orally pronounced judgment at the close of trial on November 5, 2015. As explained in our March 14, 2017 order denying Evangelina's motion to dismiss the appeals brought by the Carillo relators and others as intervenors, the judgment was not final until the written decree was issued on December 23, 2015. *See Fuentes v. Zaragoza*, No. 01-16-00251-CV, 2017 WL 976079, at *2 (Tex. App.—Houston [1st Dist.] Mar. 14, 2017, order). We denied Evangelina's subsequent motion for rehearing.

3

*Ownership of the El Paso properties before the decree*

Before the trial court signed the final decree, the Carillo relators and other third parties petitioned to intervene in the case, claiming that Evangelina was improperly seeking to have property they owned considered as marital assets to distribute as marital property in the divorce. *See Fuentes v. Zaragoza*, 2017 WL 976079, at *1. In particular, they claimed that the El Paso properties are owned by Eagle Ridge, a company that, in turn, is owned solely by Carillo, and not by Miguel. They assert that, before the divorce decree was signed, Eagle Ridge was the owner of record in the El Paso real property records and the properties were occupied by Carillo and her family.

*Transfer pursuant to the decree*

After the trial court signed the decree, Evangelina filed it with the El Paso county clerk two days later, on December 23, 2015, claiming it as a muniment of title for the El Paso properties. Five days later, on December 28, 2015, Evangelina took physical possession of the properties from Carillo. Evangelina did not obtain a writ of execution or a writ of forcible entry and detainer before seizing the properties.

Evangelina's actions were immediately challenged. On December 30, 2015, the Carillo relators filed a pleading in the trial court seeking a temporary restraining order and a temporary injunction for wrongful execution. The Carillo relators claimed that Evangelina had violated Texas Rule of Civil Procedure 627 by filing

4

the decree in the property records and taking possession of those properties less than 30 days after issuance of the decree. *See* TEX. R. CIV. P. 627 (providing that execution on judgment may not issue until "after the expiration of thirty days from the time a final judgment is signed").

The next day, the trial court issued a temporary restraining order, reciting that "execution has begun to occur within 30 days of the signing of the Final Judgment without application under TRCP 628." The following week, the court held a hearing on the Carillo relators' wrongful execution claim. It denied their request for a temporary injunction, explaining that it believed it lacked authority to grant the relief requested:

> I thought I had made a finding or a statement on the record that whether you call it an execution or a [muniment] of title, I do not believe that was proper, but I do not believe sitting here in Harris County that I have any authority to order people in El Paso County to do anything . . . .

The Carillo relators did not appeal the trial court's interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(4) (authorizing appeal of interlocutory order that "grants or refuses a temporary injunction").

The Carillos relators, however, obtained a temporary restraining order from the El Paso District Court the next day. That temporary restraining order took the El Paso properties from Evangelina's possession. The parties ultimately agreed to place the properties in the possession of a court-appointed receiver while the case proceeded in the El Paso court.

5

Meanwhile, the trial court set the supersedeas bond at $278.3 million, and Miguel appealed that order. Our court reversed the order and ordered that the bond be set at $25 million. *See Fuentes v. Zaragoza*, No. 01-16-00251-CV, 2016 WL 3023811, at *1 (Tex. App.—Houston [1st Dist.] May 26, 2016, order). Miguel posted a $25 million supersedeas bond with the Harris County District Clerk. A few months later, the Carillo relators moved to nonsuit their claims in the El Paso District Court.

On October 14, 2016, the El Paso court issued an order dismissing the case, dissolving the receivership, and ordering the receiver to return the keys to the El Paso Properties to Evangelina. On the same day, the Carillo relators filed a notice of lis pendens on the El Paso properties.

*Course of proceedings*

The Carillo relators then moved in the trial court for a writ of supersedeas and accompanying orders that would suspend Evangelina's enforcement of the divorce decree while it was pending on appeal. The Carillo relators alleged that Evangelina violated Rule 627 by filing the decree in the El Paso County real property records and taking possession of the property before the divorce decree became final. *See* TEX. R. CIV. P. 627 (allowing for clerk of court to issue writs of execution "after the expiration of thirty days from the time a final judgment is signed"). The Carillo relators further alleged that, even after the supersedeas bond had been issued,

6

"Evangelina was permitted by the 41st District Court of El Paso County to take possession of Eagle Ridge's El Paso real properties in reliance on this Court's Final Decree." The Carillo relators argued that, because a supersedeas bond had been filed, the trial court should "issue a writ of supersedeas to halt Evangelina's unlawful execution on the basis of her impermissibly filed muniment of title."

Miguel filed a similar motion in the trial court. In it, Miguel expressly disclaimed ownership of the El Paso properties but explained that he had filed his motion in case the Carillo relators were found to lack standing to enforce the supersedeas bond themselves. Miguel's motion asked the trial court to enforce the supersedeas bond; issue a writ of supersedeas directing those executing on the judgment to halt their ongoing execution against the properties; order Evangelina to withdraw the "muniment of title" from the El Paso County's real property record; and order her to cease execution efforts as to the El Paso properties.

The trial court heard the motions and subsequently issued an order restraining Evangelina from selling the El Paso Properties "during the pendency of Intervenors' appeal," but it denied the motions in all other respects.

**Discussion**

Miguel and the Carillo relators seek mandamus relief from the trial court's order denying their request for enforcement of the supersedeas bond.

7

## I. Standard of review

To be entitled to mandamus relief, a relator must demonstrate that (1) the trial court clearly abused its discretion and (2) the relator has no adequate at law, such as an appeal. *See In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2014) (orig. proceeding). A relator bears the burden of proving both requirements. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). A trial court abuses its discretion if it reaches a decision that amounts to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Capital Mgmt. L.P.,* 164 S.W.3d 379, 382 (Tex. 2005).

## II. Analysis

The petitions in these cases request similar relief arising from Miguel's posting of a supersedeas bond: that we direct the trial court to issue an order "suspending all of Ms. Zaragoza's enforcement efforts—including her muniment of title and ongoing possession of the El Paso Properties—and . . . restor[ing] the properties to Eagle Ridge and Ms. Carrillo for the duration of the appeal."[3] Miguel

---

[3] Miguel also requests a temporary order precluding Evangelina "from attempting to sell, transfer, or otherwise dispose of the El Paso Properties pending the Court's resolution on this matter." This request is moot because the trial court ordered that the El Paso properties not be sold during the pendency of the Carillo relators' appeals. Although Miguel notes that Evangelina moved to dismiss the Carillo relators' appeals and could seek to sell the properties if the appeals are dismissed, our court denied the motion to dismiss as well as Evangelina's subsequent motion for rehearing. *See Fuentes v. Zaragoza*, 2017 WL 976079, at *3.

further requests that we direct the trial court to "halt Evangelina's unlawful execution on the basis of her impermissibly-filed muniments of title to the El Paso properties." Evangelina responds that (1) res judicata bars the relief sought in the petitions; and (2) Miguel's posting of a supersedeas bond has no effect on the El Paso properties because she had completed her execution on these properties before Miguel posted the bond.

We first address Evangelina's res judicata claim. Concluding that res judicata does not apply, we then turn to whether the subsequent posting of the supersedeas bond applies to suspend Evangelina's execution upon the properties that occurred before Miguel posted the bond.

## A. Res judicata does not bar enforcement of the bond.

As an initial matter, Evangelina contends that res judicata bars Miguel and the Carillo relators' requests because they rest upon claims of wrongful execution that the trial court rejected when it denied the Carillo relators' request for a temporary injunction staying execution of the decree.

For res judicata to apply, there must be: (1) an earlier final judgment on the merits by a court of competent jurisdiction; (2) identity of the parties; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *See Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). This case lacks the first element. Specifically, the trial court did not address

9

the merits of the Carillo relators' wrongful execution claims; rather, the court denied an interlocutory request for a temporary injunction because it believed it lacked jurisdiction to grant relief:

> THE COURT: I thought I had made a finding or a statement on the record that whether you call it an execution or a muniment of title, I do not believe that was proper, but I do not believe sitting here in Harris County that I have any authority to order people in El Paso County to do anything . . . .

Because the trial court did not resolve the merits of the Carillo relators' claim for wrongful execution, res judicata does not apply. *See Li v. Univ. of Tex. Health Sci. Ctr. at Houston*, 01-00-01135-CV, 2002 WL 992400, at \*3 (Tex. App.—Houston [1st Dist.] May 16, 2002, pet. denied) ("Because a dismissal for lack of jurisdiction is not a ruling on the merits, it cannot constitute a res judicata bar."). Moreover, the trial court's order denying relief was not a final judgment. *See Amstadt*, 919 S.W.2d at 652. "Texas law is clear that, generally, a trial court's ruling on a temporary injunction (or other interlocutory judgment) does not support the defense of res judicata." *Glattly v. Air Starter Components, Inc.*, 332 S.W.3d 620, 637 (Tex. App.—Houston [1st Dist.] 2010, pet. denied).

Accordingly, res judicata does not bar the claims in these proceedings.

## B. The supersedeas bond requires that possession and title remain as they were before the decree.

When Evangelina filed the decree in the El Paso real property records and took possession of the three disputed properties in December 2015, the divorce

decree was not final and had not been superseded. Evangelina contends, however, that she "completed" execution on the properties before Miguel posted his supersedeas bond in June 2016, and thus Miguel's subsequent posting of the bond "ha[d] absolutely no effect on the El Paso properties . . . ." Miguel and the Carillo relators reply that Evangelina did not lawfully execute on the decree. They further reply that accepting Evangelina's contention that her execution was "completed" and unaffected by the posted bond would encourage judgment creditors to immediately execute on judgments that had not become final in a race to execute before the filing of a supersedeas bond.

Contrary to Evangelina's contention, she did not complete execution on the disputed properties. She never as much as obtained a writ of execution in connection with seizing possession of them. Rather, she filed the decree with the real property records before it became final and took possession of the properties without aid of a writ of execution. Because Evangelina did not complete a lawful execution on any of the three properties before the bond was posted, Evagelina's premise that the supersedeas bond does not affect her imposition of a muniment of title and possession of the properties lacks merit. Her continuing attempts to enforce the judgment became subject to Miguel's supersedeas bond. *See Alpert v. Riley*, 274 S.W.3d 277, 297–98 (Tex. App.—Houston [1st Dist.] 2008, pet. denied) ("[A supersedeas bond] preserves 'the status quo of the matters in litigation as they

11

existed before the issuance of the order or judgment from which an appeal is taken.'") (quoting *In re Tarrant Cnty.*, 16 S.W.3d 914, 918 (Tex. App.—Fort Worth 2000, orig. proceeding)); *In re City of Cresson*, 245 S.W.3d 72, 74 (Tex. App.—Fort Worth 2008, orig. proceeding) ("Supersedeas preserves the status quo of the matters in litigation as they existed before the issuance of the order or judgment from which an appeal is taken.").

We are unpersuaded by Evangelina's reliance on *Texas Employers' Insurance Association v. Engelke*, 790 S.W.2d 93 (Tex. App.—Houston [1st Dist.] 1990, no writ). *Engelke* involved "fixed rights" established by a valid writ of execution issued by the trial court and executed upon by the sheriff before the bond was filed—two conditions not present in this case. *See id.* at 95. Contrary to Miguel and the Carillo relators' position in this case, the relator in *Engelke* "d[id] not challenge the validity of either the judgment execution or the levy thereunder." *Id*. Evangelina attempted execution on the decree by filing it as a muniment of title before it had become a final judgment and obtained possession of the properties before enforcement was permitted. *See* TEX. R. CIV. P. 627.

Evangelina also contends that Texas Rule of Civil Procedure 634 supports her position that her efforts at execution on the El Paso properties are not subject to the supersedeas bond, relying on the following language:

> The clerk or justice of the peace shall immediately issue a writ of supersedeas *suspending all further proceedings* under any

execution previously issued when a supersedeas bond is afterward filed and approved within the time prescribed by law or these rules.

TEX. R. CIV. P. 634 (emphasis added). Focusing on Rule 634's use of the words "further proceedings," Evangelina asserts that *"the filing of a supersedeas bond prevents the *further* taking of any step under the judgment, and does not work backward[]."*

Evangelina's interpretation ignores Texas Rule of Appellate Procedure 24.1(f), which provides that enforcement efforts begun before the judgment was superseded must stop when a judgment has been superseded:

> *Effect of Supersedeas*. Enforcement of a judgment must be suspended if the judgment is superseded. Enforcement begun before the judgment is superseded must cease when the judgment is superseded. If execution has been issued, the clerk will promptly issue a writ of supersedeas.

TEX. R. APP. P. 24.1(f). The purpose of restoring the status quo that existed prior to the superseded judgment would be defeated if judgment creditors were allowed to persist with execution on judgments begun before the bond was filed. Accordingly, we hold that the supersedeas bond requires Evangelina to desist enforcement efforts with respect to the El Paso properties.

### C. The bond requires removal of the muniment of title and return of possession.

Miguel and the Carillo relators argue that the trial court erred in denying relief because the supersedeas bond requires Evangelina to remove the muniment of title

13

and return possession of the El Paso properties to the Carillo relators. Evangelina does not dispute that her claim to legal title to the El Paso properties stems solely from her filing of the decree as a muniment of title in the El Paso County real property records. Nor does she dispute that Eagle Ridge was the record owner of these properties before she filed the decree. Thus, the status quo before the trial court signed the decree was that Eagle Ridge owned and held possession of the properties. *See City of Cresson*, 245 S.W.3d at 74 ("For injunctive purposes, the [s]tatus quo is defined as 'the last, actual, peaceable, noncontested status which preceded the pending controversy.'") (quoting *Fox v. Tropical Warehouses, Inc.,* 121 S.W.3d 853, 857 (Tex. App.—Fort Worth 2003, no pet.). Because the posting of a supersedeas bond preserves the status quo prior to the judgment, posting of the bond requires removal of the muniment of title and return of possession of the El Paso Properties to the Carillo relators. We therefore conditionally grant the petition compelling the trial court to require Evangelina to remove the decree as a muniment of title and return physical possession of the properties to the Carillo relators. We leave undisturbed the trial court's other orders enjoining the sale or encumbrance of the properties pending appeal. *See* TEX. R. APP. P. 24.1(e) ("The trial court may make any order necessary to adequately protect the judgment creditor against loss or damage that the appeal might cause.").

14

Miguel and the Carillo relators also request that we order the trial court to issue a writ of supersedeas. The applicable rules, however, mandate issuance of a writ of supersedeas when a writ of execution has issued. *See* TEX. R. APP. P. 24.1(f) ("If execution has been issued, the clerk will promptly issue a writ of supersedeas."); TEX. R. CIV. P. 634 ("The clerk or justice of the peace shall immediately issue a writ of supersedeas suspending all further proceedings under any execution previously issued when a supersedeas bond is afterward filed and approved within the time prescribed by law or these rules."). In contrast to the rules' mandatory language requiring issuance of a writ of supersedeas by a clerk, section 24.011 of the Texas Government Code gives the trial court discretion to issue a writ of supersedeas:

> WRIT POWER. A judge of a district court may, either in term time or vacation, grant writs of mandamus, injunction, sequestration, attachment, garnishment, certiorari, and supersedeas and all other writs necessary to the enforcement of the court's jurisdiction.

TEX. GOV'T. CODE § 24.011.

Although the trial court has discretion in issuing a writ of supersedeas when a writ of execution has not issued, we need not determine whether refusing to issue the writ was an abuse of discretion in this case because we have conditionally granted relators' request to compel orders requiring removal of the muniment of title and return of possession. Absent a failure to comply with these orders, enforcement

15

of the supersedeas bond does not require compelling the additional issuance of a writ of supersedeas.

## D. Adequate Remedy by Appeal

Finally, to be entitled to mandamus relief, relators must demonstrate that they lack an adequate remedy by appeal. The Carillo relators satisfy this requirement because their underlying appeal cannot remedy being dispossessed of the El Paso properties during the appeal. Although Miguel disavows ownership of the El Paso properties, he also lacks an adequate remedy by appeal because his posted supersedeas bond stays enforcement of the decree and a violation of the stay cannot be remedied by appeal. *See Isern v. Ninth Court of Appeals*, 925 S.W.2d 604, 606 (Tex. 1996) ("The threat of execution on the judgment is a situation of manifest and urgent necessity which renders any remedy by appeal inadequate.") (citing *Walker v. Packer*, 827 S.W.2d 833, 840-43 (Tex. 1992)).

## Conclusion

For the forgoing reasons, we conditionally grant the petitions for writ of mandamus and direct the trial court to issue orders compelling Evangelina to remove the decree from the El Paso real property records as a muniment of title and return possession of the El Paso properties to the Carillo relators. We are confident that the trial court will promptly comply, and our writ will issue only if it does not.

Because we order the removal of the decree as a muniment of title and the return of possession of the properties, we deny the further request for orders requiring the trial court to issue a writ of supersedeas.


Jane Bland
Justice

Panel consists of Chief Justice Radack and Justices Higley and Bland.