**Petition conditionally granted and Opinion filed July 1, 2022.**



In The

# Fourteenth Court of Appeals

_____

NO. 14-22-00480-CV

_____

**IN RE DONOVAN MITTELSTED, Relator**

**On Appeal from the County Court at Law No. 3**
**Brazoria County, Texas**
**Trial Court Cause No. PR39333**

# O P I N I O N

Pursuant to Texas Rule of Appellate Procedure 24.4(a), appellant Donovan Mittelsted requests that this Court review and set aside the trial court's order permitting the dependent administrator of an estate to pay estate expenses from cash appellant deposited in the court's registry to suspend enforcement of the judgment pending appeal. For reasons explained below, we construe appellant's motion as a petition for writ of mandamus and conditionally grant the writ. We lift the temporary stay order we issued on March 25, 2022.

## Background

On September 27, 2021, the trial court signed a final judgment in the underlying probate proceeding following a jury trial. Among other things, the judgment ordered Mittelsted to turnover and deliver to a Successor Personal Representative "all assets (whether real or personal) in Donovan Mittelsted's possession and/or control" belonging to the Estate of Jack McClure. The assets Mittelsted was to turn over to the Successor Personal Representative included funds in three specifically identified financial accounts, the combined balance of which was $535,201.63. According to Mittelsted, other estate assets in his possession to be turned over to the Successor Personal Representative, though not specifically identified in the judgment, included (1) funds in a fourth financial account—the estate checking account; and (2) two tracts of real property. The judgment also ordered Mittelsted to deliver other identified assets to other parties, but those directives are not at issue in this proceeding. The judgment also enjoined Mittelsted from conveying or expending any estate assets (whether real or personal) subject to the trial court's jurisdiction. Mittelsted has appealed the judgment to this court, which is pending under the above cause number 14-21-00755-CV.

Mittelsted filed in the probate court a "First Amended Motion to Deposit Estate Funds into Registry of the Court and Motion to Suspend Enforcement of Judgment Regarding Estate Assets" (the "Motion to Suspend Judgment"). This motion sought to supersede and suspend only the specific portion of the judgment ordering Mittelsted to turnover to the Successor Personal Representative all estate assets in his possession or control. Mittelsted asserted that the assets subject to that part of the judgment were the four financial accounts and the two real property tracts. According to Mittelsted, the balance of the four accounts totaled $897,444.63. He requested permission to deposit that amount into the trial court registry as a cash

2

deposit in lieu of bond under Texas Rule of Appellate Procedure 24.1(c). Additionally, he asserted that no additional type of security was required to supersede the judgment as to the real property tracts because they were "not being rented and do[] not produce income," and the appellees "ha[d] already obtained an abstract of judgment." The Motion to Suspend Judgment further represented that the requested deposit amount exceeded fifty percent of Mittelsted's net worth, though Mittelsted did not attach evidence establishing his net worth.

On November 24, 2021, the trial court signed an order granting in part and denying in part the Motion to Suspend Judgment. The order directed Mittelsted to deposit $897,444.63 into the court registry. The order stated that, upon such deposit being completed, enforcement of the judgment language requiring Mittelsted to turn over and deliver to the Successor Personal Representative all assets in his possession or control belonging to the estate "is hereby suspended until further order of the Court." We refer to this order as the "November 24 Order." Mittelsted deposited the amount of $897,444.93 into the court's registry.[1]

The trial court appointed Christian Landry as dependent administrator. In March 2022, Landry filed an amended motion to release funds from the registry ("Motion to Release Funds"). In this motion, Landry asserted that Mittelsted had deposited $897,444.93 into the court's registry, but that the court did not "term the deposit of funds as a supersedeas bond" or otherwise limit the dependent administrator from managing the estate. Noting that the money in the registry came from financial accounts that the judgment declared belonged to the estate, and that

---

[1] Mittelsted deposited $897,444.93 rather than $897,444.63. The difference is not material to our analysis.

3

Mittelsted had not filed a supersedeas bond, Landry requested the court to release from the registry $200,000 to allow payment of estate expenses.

The court granted in part and denied in part Landry's Motion to Release Funds. In its order (the "Order Releasing Funds"), the court stated:

> The Court ORDERS that Christian Landry as Dependent Administrator of the Estate of Jack McClure shall file separate motions with specific amounts needed to pay Estate expenses; with Orders for those specific amounts. The court will then allow money to be released from the registry of the Court to pay those Estate expenses.

Separately from the dependent administrator's request to release funds from the registry, other parties to the judgment, Denise McClure Meriwether and Darla McClure Sands, filed a motion for contempt and for sanctions against Mittelsted. Meriwether and Sands argued that Mittelsted had violated the injunction provision in the judgment by conveying or otherwise expending estate assets. The trial court granted this motion as well and signed an order finding Mittelsted in contempt of court for violating the judgment (the "Contempt Order"). The Contempt Order sentenced Mittelsted to thirty days' confinement but suspended the sentence and ordered that Mittelsted could purge himself of contempt by paying into the registry the amount of $287,457.

**Issues**

Presented to us as a "Motion to Review Denial of Request for Supersedeas Bond" under rule 24.4, Mittelsted's motion challenges both the Order Releasing Funds and the Contempt Order. First, he argues that the cash deposited in the court registry was a deposit in lieu of supersedeas bond and therefore suspended the relevant judgment provisions, as stated in the November 24 Order. Accordingly, he says the trial court had no authority to release any portion of the deposited funds to the administrator during the appeal. Second, he contends the court erred in requiring

4

Mittelsted in the Contempt Order to deposit additional funds when there has been no motion or hearing to modify the amount or type of security required to suspend enforcement of the judgment pending appeal.[2] Mittelsted simultaneously filed in our court a motion for emergency stay of the trial court proceedings pending our review of his rule 24 motion. On March 25, 2022, we stayed the trial court proceedings and requested a response to the emergency motion.

Appellees filed a response, which in substance addresses both Mittelsted's motion for rule 24 review and his motion for emergency relief. Principally, appellees contend that the November 24 Order did not suspend the judgment, nor could it have done so because the amount of Mittelsted's cash deposit was inadequate. Further, appellees argue that the release of funds from the registry to the dependent administrator must be allowed to maintain and preserve the estate property.[3]

## Discussion

### A. Authority Under Rule 24.4

We first consider our authority under rule 24.4 to grant the relief sought by Mittelsted. Under rule 24.2 and Texas Civil Practices and Remedies Code Section 52.006, a judgment debtor may supersede the execution of a judgment by filing sufficient security. *See* Tex. R. App. P. 24.2; Tex. Civ. Prac. & Rem. Code § 52.006. Rule 24.4 authorizes an appellate court to engage in a review of the trial court's determination of the security required to supersede a judgment while it is on appeal.

---

[2] With regard to his challenge to the Contempt Order, Mittelsted has filed a separate original proceeding, which this court has assigned cause number 14-22-00274-CV. In the original proceeding, Mittelsted challenges the Contempt Order for the same reasons he asserts here, along with other reasons.

[3] Appellees also contend that a stay of the entire trial court proceedings is too broad because there is no reason to stay portions of the judgment that Mittelsted did not seek to suspend by his Motion to Suspend Judgment. Because we lift our stay order today, we do not address those arguments.

5

*See* Tex. R. App. P. 24.4. On the motion of a party, we may review: (1) the sufficiency or excessiveness of the amount of security, (2) the sureties on a bond, (3) the type of security, (4) the determination whether to permit suspension of enforcement, and (5) the trial court's exercise of discretion in ordering the amount and type of security. *See* Tex. R. App. P. 24.4(a).

The crux of Mittelsted's requested relief in the present motion does not fall within these categories, and appellees have not filed a motion requesting review of the November 24 Order under rule 24. Mittelsted is seeking to enforce a suspension of the judgment and is challenging the trial court's action in failing to honor a superseded judgment and impairing the security. This type of complaint is redressable by mandamus. *See, e.g.*, *In re Shopoff Advisors, L.P.*, No. 04-18-00001-CV, 2018 WL 733789, at *1-3 (Tex. App.—San Antonio Feb. 7, 2018, orig. proceeding) (mem. op.) (considering whether judgment was in fact suspended by filing of a cash deposit; mandamus, not rule 24, was appropriate review procedure); *In re Fuentes*, 530 S.W.3d 244, 246 (Tex. App.—Houston [1st Dist.] 2017, orig. proceeding) (seeking relief from trial court's denial of motion to enforce supersedeas bond); *In re Bell*, No. 02-12-00390-CV, 2012 WL 5356302, at *1-3 (Tex. App.—Fort Worth Nov. 1, 2012, orig. proceeding) (mem. op.) (holding trial court abused discretion in not continuing to suspend enforcement of judgment). Based on the substantive relief requested, we construe Mittelsted's rule 24 motion as a petition for writ of mandamus. *See In re Smith*, 192 S.W.3d 564, 568 (Tex. 2006) (per curiam) (orig. proceeding) (construing rule 24.4 motions as petitions for writs of mandamus); *Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999) (explaining courts look to substance of pleading rather than its caption or form to determine its nature).

**B.     Mandamus Standard of Review**

To be entitled to mandamus relief, a relator must demonstrate that (1) the trial court clearly abused its discretion and (2) the relator has no adequate remedy at law, such as an appeal. *See In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (per curiam) (orig. proceeding). A relator bears the burden of proving both requirements. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992). A trial court abuses its discretion if it reaches a decision that amounts to a clear and prejudicial error of law or if it clearly fails to analyze the law correctly or apply the law correctly to the facts. *In re Cerberus Cap. Mgmt. L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (per curiam).

**C.     Whether the November 24 Order Suspended the Judgment**

The parties dispute whether the November 24 Order, coupled with Mittelsted's cash deposit, suspended the portion of the judgment ordering Mittelsted to turn over to the Successor Personal Representative all estate assets in Mittelsted's possession or control. "We construe orders under the same rules of interpretation as those applied to other written instruments." *Payless Cashways, Inc. v. Hill*, 139 S.W.3d 793, 795 (Tex. App.—Dallas 2004, no pet.) (citing *Lone Star Cement Corp. v. Fair*, 467 S.W.2d 402, 404-05 (Tex. 1971)). We look to the order as a whole and construe it in a way that gives each provision meaning. *Kourosh Hemyari v. Stephens*, 355 S.W.3d 623, 626 (Tex. 2011) (per curiam). "Just as with an unambiguous contract, we enforce unambiguous orders literally." *Id.*; *see also Reiss v. Reiss*, 118 S.W.3d 439, 441-42 (Tex. 2003). When a trial court's order is unambiguous, we declare its intent in light of the literal language used, without considering matters extrinsic to the order. *Ex parte Allen*, 619 S.W.3d 813, 817 (Tex. App.—Houston [14th Dist.] 2020, pet. ref'd); *State v. Atkinson*, 541 S.W.3d 876, 879 (Tex. App.—Houston [14th Dist.] 2017, no pet.). "Only where an order's terms are ambiguous—that is, susceptible of more than one reasonable

interpretation—do we look to the surrounding circumstances to discern their meaning." *Kourosh Hemyari*, 355 S.W.3d at 626.

The November 24 Order is susceptible of only one reasonable interpretation. It granted Mittelsted's Motion to Suspend Judgment in part, by which Mittelsted requested to suspend a part of the judgment by filing a cash deposit in lieu of bond; it ordered Mittelsted to deposit a sum certain of $897,444.63 into the court's registry; and it stated that, upon completing the deposit, enforcement of the portion of the judgment requiring Mittelsted to turn over to the Successor Personal Representative all estate assets in his possession or control would be suspended until further court order. Mittelsted deposited the stated amount into the court's registry. We thus conclude that the November 24 Order unambiguously suspended and superseded the portions of the judgment described in the order from the date of the deposit forward. *See* Tex. R. App. P. 24.1(a)(3) (noting a judgment debtor "may supersede the judgment by[] . . . making a deposit with the trial court clerk in lieu of a bond"). Because the November 24 Order is unambiguous, this court must interpret the order as having the effect required by its plain language. *See Reiss*, 118 S.W.3d at 441-42. Further, the November 24 Order had the effect of superseding the identified portion of the judgment regardless of the deposit's purported insufficiency. *See In re Shopoff Advisors*, 2018 WL 733789, at *3 (concluding cash deposit—even if insufficient—was valid to supersede the judgment).[4]

## D.     Whether the Order Releasing Funds is a Clear Abuse of Discretion

---

[4] In their response to Mittelsted's motion in this court, appellees contend that the deposit amount is insufficient for various reasons. Appellees asserted the same objections in the trial court, but the court implicitly overruled them when signing the November 24 Order. Appellees have not filed a rule 24 motion in this court asking us to review that determination. The trial court of course retains jurisdiction to set or modify the amount and type of security necessary to continue a judgment's suspension. Tex. R. App. P. 24.3.

Having concluded that the November 24 Order and cash deposit in lieu of bond suspended the relevant portions of the judgment, we next consider Mittelsted's principal complaint: the trial court erred in permitting the dependent administrator to pay estate expenses from the security amount on deposit in the court's registry before the appeal is decided. A judgment debtor may supersede a judgment by filing a cash deposit in lieu of bond. Tex. R. App. P. 24.1(a)(3). Once Mittelsted filed the cash deposit under the November 24 Order, the relevant portions of the judgment were superseded. Tex. R. App. P. 24.1(f). The cash deposit prevents enforcement of the judgment pending appeal, requires the cessation of any enforcement or execution proceedings that may have begun before the deposit, and preserves the status quo in matters subject to the litigation as they existed before the judgment from which appeal is taken. *See In re Fuentes*, 530 S.W.3d at 250. The purpose of a cash deposit in lieu of bond is security for the judgment pending appeal, and a trial court may not release such a deposit while the appeal remains pending. *See Muniz v. Vasquez*, 797 S.W.2d 147, 150 (Tex. App.—Houston [14th Dist.] 1990, no writ). Once superseded, and subject to the trial court's continuing jurisdiction to modify the amount and type of security, the judgment may not be executed and the security may not be impaired. *See In re Fuentes*, 530 S.W.3d at 250; *Muniz*, 797 S.W.2d at 150. "Any action in disregard of a supersedeas is contempt of the jurisdiction of the court in which an appeal, with supersedeas, is pending." *In re Shopoff Advisors*, 2018 WL 733789, at *3 (quoting *McDowell v. Hightower*, 111 Tex. 585, 242 S.W. 753, 753 (1922) (orig. proceeding)). An appellate court may issue an appropriate writ to protect and enforce the rights of a litigant who has superseded a trial court's judgment. *See id*. at *3 (citing *In re City of Cresson*, 245 S.W.3d 72, 75 (Tex. App.—Fort Worth 2008, no pet.)).

As made clear in the rules, a deposit in lieu of bond is subject to the conditions

9

of liability applicable to supersedeas bonds. Tex. R. App. P. 24.1(d). The deposit is subject to liability on the judgment up to the amount of the deposit if: (1) the debtor does not perfect an appeal or the debtor's appeal is dismissed, and the debtor does not perform the trial court's judgment; (2) the debtor does not perform an adverse judgment final on appeal; or (3) the judgment is for the recovery of an interest in real or personal property; and the debtor does not pay the creditor the value of the property interest's rent or revenue during the pendency of the appeal. *Id.*; *see also Muniz*, 797 S.W.2d at 150 (noting that a supersedeas bond, which is to be treated the same as a deposit in lieu of a bond, "is not an unconditional agreement to pay a stated sum of money; but imposes only a contingent or conditional liability"). None of these conditions have occurred. The release of supersedeas funds on deposit in the court's registry before the conditions of liability have been met is clear error. *Muniz*, 797 S.W.2d at 150. We hold that the trial court's Order Releasing Funds was a clear abuse of discretion. *See In re Shopoff*, 2018 WL 733789, at *3; *In re Bell*, 2012 WL 5356302, at *3.

To the extent any party contends that the Order Releasing Funds constituted a reconsideration of the November 24 Order or was an exercise of the court's discretion to modify the amount of security, we disagree. The Order Releasing Funds contains no language purporting to amend or revisit the court's November 24 Order, nor did Landry's Motion to Release Funds ask the court to amend or revisit the November 24 Order.

## E. The Contempt Order

Mittelsted also asks us to review the Contempt Order. For the reasons previously stated, the review he seeks is not authorized under rule 24.4. As Mittelsted has raised his challenges to the Contempt Order in a separate original proceeding, the court will address them in that proceeding.

**F.     No Adequate Remedy by Appeal**

To be entitled to mandamus relief, relators must demonstrate that they lack an adequate remedy by appeal.  Mittested satisfies this requirement because his filed cash deposit in lieu of bond stays enforcement of the portion of the judgment at issue and a violation of the stay or impairment of the security by release from the court registry cannot be remedied by appeal.  *See In re Fuentes*, 530 S.W.3d at 252 (citing *Isern v. Ninth Court of Appeals*, 925 S.W.2d 604, 606 (Tex. 1996)).

## Conclusion

For the reasons discussed above, construing Mittelsted's rule 24.4 motion as a petition for writ of mandamus, we conditionally grant the petition and direct the trial court to vacate its March 17, 2022 Order Releasing Funds, entitled "Order on Administrator's First Amended Motion to Release Funds from Registry."  We are confident that the trial court will promptly comply, and our writ will issue only if it does not.

We lift the temporary stay order we issued on March 25, 2022.


/s/     Kevin Jewell
        Justice


Panel Consists of Justices Jewell, Zimmerer, and Hassan.

11