**In The**
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-22-00413-CV**

**CITY OF BEAUMONT AND KENNETH R. WILLIAMS, Appellants**

**V.**

**CALEB FENTER, Appellee**

**On Appeal from the 60th District Court**
**Jefferson County, Texas**
**Trial Cause No. B-210,244**

**MEMORANDUM OPINION**

Caleb Fenter ("Fenter"), an EMT and employee of the City of Beaumont ("the City") sued the City and its City Manager, Kenneth R. Williams ("Williams") (collectively "Appellants").[1] Fenter asserted that he qualified as a "fire fighter" for purposes of the Civil Service Act, sought a declaration of his rights under the Act

---

[1]Fenter initially sued Christopher S. Boone, an interim City Manager but later substituted Williams as the government official Defendant. *See* Tex. R. App. P. 7.2(a) (governing substitution of parties when public officers cease to hold office prior to disposition of proceedings).

1

and sought to have Williams swear him in under the Act. The City and Williams appeal the trial court's partial denial of its plea to the jurisdiction as to Williams and the grant of Fenter's Motion for Summary Judgment, which ordered Williams to classify Fenter as a fire fighter under the Civil Service Act. In two issues, Appellants contend: (1) the trial court failed to properly construe Texas Local Government Code section 143.003's plain language and in so doing, erroneously found that Fenter, an EMT who is not certified by the Texas Commission of Fire Protection, is a "fire fighter" under the Civil Service Act; and (2) the trial court erred in denying the plea to the jurisdiction as to City Manager Williams where Fenter failed to plead an ultra vires claim and there was no waiver of immunity for Fenter's Uniform Declaratory Judgment Action (UDJA). For the reasons discussed below, we will affirm in part, and reverse and remand in part.

## I. Background and Procedural Posture

### A. City's Adoption of Civil Service Act and Fenter's Employment

In 1960, the City voted by referendum to adopt the Civil Service Act and make the Beaumont Fire Department a civil service department. The City employed Fenter as a civilian EMT-paramedic in the Public Health Department beginning in December 2012. In early 2021, the acting City Manager made the administrative decision to move the EMS Division from the Public Health Department to the Fire

and Rescue Department. Once the EMS Division moved to the Fire Department, the City continued to treat the EMTs as civilians.

## B. Fenter's Claims

Fenter sued the City and the City Manager, seeking a declaratory judgment, to determine his civil service rights as an employee of the Fire Department, and for a writ of mandamus. Fenter alleged that under Texas Local Government Code chapter 143, once the EMTs transferred into the Fire Department, he was entitled to civil service protections. Fenter complained that after moving the EMS Division to the Fire Department, the City "has continued to treat medics as civilian employees and refused to classify their positions." Fenter further asserted that when the City moved the EMS Division, "it announced its intention to replace the medics with classified firefighters by attrition, but now the City has proposed to hire additional medics who will likewise be treated as civilians, in violation of the Civil Service Act."

Fenter pleaded that Texas Local Government Code section 143.005(b) "makes it clear" that "an employee of the fire department whose primary duties are to provide emergency medical services for the municipality is considered to be a fire fighter who is a member of the fire department performing fire medical emergency technology, entitled to civil service protection, and covered by this chapter." Tex. Local Gov't Code Ann. § 143.005(b). He also alleged that the Act requires

3

classification of all firefighters under section 143.021, and as one "considered to be" a firefighter, this applies to him. *See id.* § 143.021. Fenter requested these declarations:

> 1. the City of Beaumont fire department is a Civil Service department by virtue of the city's election of such status in 1964 [sic];
> 2. the City of Beaumont moved the EMS division employees out of the Public Health Department and into the Fire Department in 2021;
> 3. Caleb Fenter provided and continues to provide emergency medical services for the City of Beaumont;
> 4. Caleb Fenter is employed by the City of Beaumont as a firefighter as that term is defined by Tex. Loc. Gov't Code § 143.005(b);
> 5. as a firefighter with the City of Beaumont, Caleb Fenter is entitled to all the rights, obligations, and protections of a firefighter through the Civil Service Act;
> 6. furthermore, pursuant to section 37.009 of the Texas Civil Practice & Remedies Code, Plaintiff requests the Court award costs and attorney's fees as are reasonable and necessary, equitable and just.

Fenter also sought a writ of mandamus compelling City Manager Williams to swear him and all other similarly situated employees in as civil service employees of the Beaumont Fire Department under Texas Local Government Code chapter 143 and provide them "with all the rights, benefits, status, and protections guaranteed therein."

The City and Williams answered with a general denial and invoked sovereign immunity. The City did not specially except to Fenter's Original Petition or First Amended Petition.

4

**C. Original and Amended Pleas to the Jurisdiction and Fenter's Response**

The City and Williams then filed their Plea to the Jurisdiction, in which they asserted there had been no waiver of sovereign immunity and that Fenter lacked standing. The City and Williams answered that a declaratory judgment action could not be used to circumvent sovereign immunity nor could the City be precluded from invoking sovereign immunity where its City Manager had exercised its discretion in administrative decisions. In their Plea, the City agreed that a district court could issue a writ of mandamus to compel a public official to perform a ministerial act, but the City disputed that granting Fenter and others like him civil service status constituted a ministerial act. The City and Williams challenged Fenter's statutory interpretation that he was considered a firefighter under section 143.005(b). In support of their Plea, the City and Williams included the following evidence: copies of the public records showing the vote adopting the Civil Service Act; minutes of March 9, 2021 City Council meeting regarding amending ordinance to staff EMS positions moved to the Fire Department by adding nine Grade I Firefighter positions; amended ordinance increasing the number of Grade I Firefighter positions to 109; December 2012 offer letter from the City to Fenter for a paramedic position in the Public Health Department; and City of Beaumont Paramedic job posting from August 2017 with description, requisite qualifications, and essential functions.

Fenter responded to the Plea to the Jurisdiction. He argued that sovereign immunity does not apply to the City Manager's ultra vires conduct in failing to perform a ministerial act—i.e., failing to certify him as a fire fighter. Fenter asserted that he meets the definition of "fire fighter" in section 143.005(b), and the acting City Managers failed to recognize him and other EMS workers as firefighters under that section. Fenter's evidence included: City Council meeting minutes from February 2021 outlining the discussion regarding the City Manager moving the EMS Division to the Fire Department and hiring more fire fighters; Fenter's Affidavit describing his job as an EMT with the City, duties, and employment with the Fire Department; EMT job posting from October 2022; and Attorney General Opinion GA-0041 regarding classification of firefighters.

The City and Williams filed an Amended Plea to the Jurisdiction raising similar arguments to those it asserted in its original plea and disputed that granting Fenter civil service status constituted a ministerial act. They also argued that meeting the definition of 143.005(b) is not enough to qualify as a fire fighter. They asserted that Fenter was not appointed in "substantial compliance" with chapter 143, and even if Fenter performed fire technology service, that could only apply if his position also required "substantial knowledge of firefighting." In sum, Appellants contended that the suit should be dismissed for lack of jurisdiction since: (1) Fenter does not meet the Civil Service Act's requirements, so he was not entitled to civil service

protection; and (2) the relief requested was not a ministerial act. With their Amended Plea to the Jurisdiction, the City and Williams filed the same evidence as their Original Plea to the Jurisdiction and included the affidavits of Fire Chief Earl White, EMS Manager Max Nguyen, and the City's Civil Service Director Rachel Edwards.

**D. Fenter's Motion for Traditional Summary Judgment**

Fenter filed a "Motion for Traditional Summary Judgment, which asserts that he is Entitled as a Matter of Law to Civil Service Protection in his Employment with the City of Beaumont Texas Pursuant to Texas Local Government Code Section 143, Et Seq." In his Motion for Summary Judgment, Fenter argued that whether he falls within the definition of "firefighter" is a question of statutory construction, and a question of law suitable for summary disposition. Fenter noted that the public record bears out that the EMS Division moved from the Public Health Department to the Fire Department and cited to the minutes of a March 2021, City Council meeting, which he attached as evidence. Relying on Texas Local Government Code section 143.005(b), Fenter argued that as "an employee of the fire department whose primary duties are to provide emergency medical services for the municipality," he "is considered to be a firefighter who is a member of the fire department performing fire medical emergency technology, is entitled to civil service protection, and covered by this chapter." He also argued firefighters are required to be classified under section 143.021, which would include those as defined by section 143.005(b),

7

and the City and City Manager were without power to refuse to classify them as such. Fenter argued that the City could not avoid placing them within the civil service system by not appointing them in substantial compliance with chapter 143.

According to the theory that Fenter asserted in his motion for summary judgment, he is entitled to summary judgment because: (1) he is employed by the City of Beaumont, which adopted the Civil Service Statute; (2) the City transferred Fenter into the Fire Department, where he provided fire medical emergency technology services; (3) when transferred from the Public Health Department to the Fire Department, Fenter was providing emergency medical services to the public on behalf of the City; (4) since his transfer to the Fire Department, Fenter continues to provide emergency medical services to the public on behalf of the City; (5) under the Texas Local Government Code, Fenter is a civil service employee entitled to all the rights, duties, and obligations of the civil service statute; (6) Defendants should have classified Fenter as a civil service employee working in a civil service department of the City; and (7) by the trial court's mandamus, the City must classify him accordingly. Fenter supported his Motion for Summary Judgment with similar evidence to the evidence he included with the Response he filed to the City's Plea to the Jurisdiction, except he also included the March 2021 City Council meeting minutes adopting an amended ordinance, which increased the number of firefighters.

8

The record does not show that the City and Williams responded to Fenter's Motion for Summary Judgment.

**E. Hearing**

In a single hearing, the trial court heard arguments on the City's and Williams's Pleas to the Jurisdiction and Fenter's Motion for Traditional Summary Judgment. During the hearing, Fenter agreed that sovereign immunity applied to his claims against the City. Fenter argued that sovereign immunity did not protect City Manager Williams's ultra vires conduct of failing to perform the ministerial act of swearing Fenter in and classifying him as a civil service employee. The City and Williams's arguments at the hearing mirrored those contained in their Pleas to the Jurisdiction.

**F. Trial Court's Orders**

The trial court granted the Plea to the Jurisdiction as to the City but denied the Plea as to City Manager Williams. The trial court's Order on Fenter's Motion for Traditional Summary Judgment stated the trial court "finds" Fenter

> is a "firefighter" as that term is defined by the Texas Local Government Code, Chapter 143, and is entitled to all the rights and benefits provided under that chapter and that the City Manager of Beaumont Texas, Kenneth R. Williams, has failed to provide Plaintiff with his rights pursuant to the Texas Local Government Code, Chapter 143.

The trial court denied the Motion for Traditional Summary Judgment as to the City "as moot," but it granted the Motion as to Williams. The Order also states:

The Court further finds that the Texas Constitution empowers trial courts to issue writs of mandamus to compel public officials to perform ministerial acts. *St. Jude Healthcare, Ltd. v. Tex. HHS Comm'n,* 2021 Tex. App. LEXIS 9865.

The Court further finds that Plaintiff is entitled to mandamus relief requiring the City Manager of Beaumont, Texas, Kenneth R. Williams, to provide Plaintiff with all civil service rights pursuant to Chapter 143 of the Texas Local Government Code.

IT IS THEREFORE, ORDERED ADJUDGED AND DECREED that a writ of mandamus shall he issued by the Clerk of this Court to be served on the City of Beaumont, Texas, Kenneth R. Williams, to carry out the order of this Court. This writ is issued subject to the City Manager's right to appeal this Order. *In re City of Lancaster,* 220 S.W.3d 212, 216 (Tex. App.—Dallas, 2007). If an appeal is undertaken, once the appeal becomes final, if necessary, a writ of mandamus shall be issued by the Clerk of this Court to be served on the City Manager of Beaumont, Texas, Kenneth R Williams, to carry out the order of this Court. All relief requested in this case and not expressly granted is denied. This Order finally disposes of all parties['] claims and is appealable.

The City and Williams timely appealed.

## II. Analysis

Fenter pleaded the following:

The Act makes it clear that "an employee of the fire department whose primary duties are [to] provide emergency medical services for the municipality is considered to be a firefighter who is a member of the fire department performing fire medical emergency technology, entitled to civil service protection, and covered by this chapter." Tex. Loc. Gov't Code § 143.005(b). The Act requires "the classification of all firefighters." Tex. Loc. Gov't Code § 143.021(a). This classification requirement includes the medics who are "considered to be" firefighters under Tex. Loc. Gov't Code § 143.005(b). The statute provides that the "failure of the governing body to establish a position by ordinance does not result in the loss of civil service benefits by a person entitled to civil service protection." Tex. Loc. Gov't Code § 143.021(b). "The fact that the City has not, to this point, appointed personnel to this position in

10

substantial compliance with Chapter 143 nor considered them entitled to civil service status under section 143.005 or 143.085 is immaterial. 'A city may not avoid placing firefighters within the civil service system by not' appointing them in substantial compliance with chapter 143." Op. Tex. Att'y Gen. GA-0041 (2003).

In their second issue, Appellants argue the trial court erred in denying their plea to the jurisdiction as to City Manager Williams. Since this issue implicates the trial court's jurisdiction, we address it first. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 95 (Tex. 2012) (noting that if a court lacks jurisdiction, its opinion addressing issues other than jurisdiction is advisory); *Porter v. Montgomery Cnty.*, No. 09-15-00459-CV, 2017 WL 629487, at *2 (Tex. App.—Beaumont Feb. 16, 2017, no pet.) (mem. op.) (noting same). In support of this issue, they assert Fenter failed to plead an ultra vires claim, and there was no waiver of immunity for Fenter's UDJA claim. Among other things, Appellants assert that Fenter "failed to allege facts showing that it was the City Manager who should have acted but failed to do so." Fenter responds that there is a waiver of immunity for a party seeking to determine their rights under a statute by way of a UDJA claim.

Whether a plaintiff has alleged a valid ultra vires claim is a question of law we review de novo. *Hartzell v. S.O.*, 672 S.W.3d 304, 311 (Tex. 2023). "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)

11

(citation omitted); *see also City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009). We look to the pleader's intent and liberally construe pleadings in favor of the plaintiff. *See Heinrich*, 284 S.W.3d at 378; *Miranda*, 133 S.W.3d at 226.

In *City of El Paso v. Heinrich*, the Supreme Court of Texas provided guidance for suits against government officials for ultra vires conduct and when immunity would not operate as a bar to suit. *See* 284 S.W.3d at 370–77. Sovereign immunity generally bars lawsuits for money damages against the state unless immunity has been waived. *See id.* at 369–70. Even so, "suits to require state officials to comply with statutory or constitutional provisions are not prohibited by sovereign immunity, even if a declaration to that effect compels the payment of money." *Id.* at 372; *see also Shamrock Psychiatric Clinic, P.A. v. Tex. Dep't of Health and Human Servs.*, 540 S.W.3d 553, 560 (Tex. 2018). The suit must be brought against the state actors in their official capacity since the state retains immunity, although the suit is, for all practical purposes, against the state. *See Heinrich*, 284 S.W.3d at 373. "'To fall within this *ultra vires* exception, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act.'" *Schroeder v. Escalera Ranch Owners' Ass'n*, 646 S.W.3d 329, 332 (Tex. 2022) (quoting *Heinrich*, 284 S.W.3d at 372).

12

As applicable here, to fall within the ultra vires exception, Fenter's suit must allege and ultimately prove that City Manager Williams failed to perform a purely ministerial act. *See id.*; *Shamrock Psychiatric*, 540 S.W.3d at 560; *Heinrich*, 284 S.W.3d at 372. "An act is ministerial when the law clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991) (citations omitted); *see also City of Hous. v. Hous. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 576 (Tex. 2018) (same).

Fenter alleged the following:

> Despite being employees of the Beaumont Fire Department and performing emergency medical services, Plaintiff is not given the civil service protections of Tex. Local Gov. Code 143. Therefore, Plaintiff files this declaratory judgment action to determine their rights under civil service as employee of the Beaumont Fire Department and requests that a writ of mandamus issue compelling the city manager, KENNETH R. WILLIAMS to swear him in as such.

> . . .

> The Act makes it clear that "an employee of the fire department whose primary duties are to provide emergency medical services for the municipality is considered to be a firefighter who is a member of the fire department performing fire medical emergency technology, entitled to civil service protection, and covered by this chapter." Tex. Loc. Gov't Code § 143.005(b). The Act requires "the classification of all firefighters." Tex. Loc. Gov't Code § 143.021(a). This classification requirement includes the medics who are "considered to be" firefighters under Tex. Loc. Gov't Code § 143.005(b).

> . . .

13

> The existing Beaumont medics are all employees in the Beaumont Fire Department whose primary duties are to provide emergency medical services for the municipality. As such, they are "firefighters" under the Civil Service Act and must be classified and received [sic] all the protections of the statute.
>
> . . .

Fenter sought declarations consistent with the allegations, and among other things, specifically asked for a declaration that he is a fire fighter as defined in section 143.005(b) employed by the City of Beaumont and "is entitled to all the rights, obligations, and protections of a firefighter through the Civil Service Act."

Fenter included a Petition for Writ of Mandamus in his Amended Petition asking that (1) City Manager Williams be compelled to swear him and other similarly situated employees in as civil service employees of the Beaumont Fire Department under chapter 143, and (2) "provide him and all other similarly situated employees with all the rights, benefits, status, and protections guaranteed therein." Although Fenter did not use the phrase "ultra vires" in his pleadings, looking to his intent and liberally construing the pleadings in his favor, we conclude that he intended and attempted to plead an ultra vires claim against Williams. *See Heinrich*, 284 S.W.3d at 378; *Miranda*, 133 S.W.3d at 226.

Appellants also argue that Fenter "failed to allege facts showing that it was the City Manager who should have acted but failed to do so." Texas Local Government Code section 143.021(a) requires classification of employees who

qualify for civil service status. *See* Tex. Local Gov't Code Ann. § 143.021(a) ("The municipality's governing body shall establish the classifications by ordinance."). The inquiry that necessarily follows is whether City Manager Williams was the official tasked with that duty or tasked with a duty to swear in qualified employees.

Fenter's pleadings alleged that he was entitled to civil service status under the statute, complained the City failed to classify him, then sought a writ compelling City Manager Williams to swear him and other similarly situated EMTs in and afford them the rights and protections of civil service employees under the statute. Appellants claimed that Fenter failed to plead facts demonstrating that the City Manager had the authority to determine fire fighters classifications; in other words, Fenter failed to allege facts showing that it was the City Manager who should have acted but failed to do so. Appellants also claimed that because Fenter failed to plead facts showing that the City Manager makes classification decisions, it was error for the trial court to deny the City's plea to the jurisdiction as to the City Manager. In fact, Fenter's pleadings do not allege facts that, if true, show that the statute imposed these specific duties on City Manager Williams. Thus, Fenter has not pleaded facts establishing that City Manager Williams failed to perform a ministerial duty. Because Fenter's allegations do not plead facts that if true would show that Williams failed to comply with a ministerial duty, Fenter's pleadings do not affirmatively establish the trial court's jurisdiction over his ultra vires claims against City Manager

15

Williams. *See City of Houston*, 549 S.W.3d at 576 (discussing ministerial acts and ultra vires claims); *Anderson*, 806 S.W.2d at 793 (citations omitted) (discussing ministerial acts in context of writs issuing). Therefore, we conclude the trial court improperly denied Appellants' Plea to the Jurisdiction as to City Manager Williams. *See Schroeder*, 646 S.W.3d at 332 (discussing requisite allegations for ultra vires claim); *City of Hous.*, 549 S.W.3d at 576 (same); *Shamrock Psychiatric*, 540 S.W.3d at 560 (same); *Heinrich*, 284 S.W.3d at 372 (same). We sustain Appellants' second issue.

That said, although we agree that there are insufficient facts alleged to show that City Manager Williams is the party that would swear Fenter in or classify Fenter under chapter 143, "Texas courts allow parties to replead unless their pleadings demonstrate incurable defects." *Dohlen v. City of San Antonio*, 643 S.W.3d 387, 397 (Tex. 2022) (citing *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 623 (Tex. 2011)); *see Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 839–40 (Tex. 2007) (citations omitted) (explaining that a party should be allowed to stand on their pleadings in the face of a plea to the jurisdiction until a court determines the plea is meritorious, then be given an opportunity to replead absent incurable defects). Allegations in pleadings may either affirmatively demonstrate or negate jurisdiction, but if the pleadings do neither, the issue is considered a matter of pleading sufficiency and the plaintiff should be given an opportunity to amend. *City of Waco*

16

*v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2009). Since Fenter's pleadings do not affirmatively negate jurisdiction or show incurable defects, we conclude he is entitled, on remand, to and opportunity to replead. *See id.*; *see also Dohlen*, 643 S.W.3d at 397; *Koseoglu*, 233 S.W.3d at 839–40.

### III. Conclusion

Having sustained Appellants' second issue, we affirm the trial court's Order granting the Plea to the Jurisdiction as to the City but reverse the portion of the trial court's Order denying the Plea to the Jurisdiction as to alleged ultra vires acts by City Manager Williams. We remand the matter with instructions for the trial court to give Fenter a reasonable opportunity to amend his pleadings to properly plead these claims and cure the jurisdictional defects. Absent pleadings that invoked its jurisdiction, the trial court should not have decided Fenter's Motion for Traditional Summary Judgment on the declaratory judgment claim or issued a writ of mandamus. Accordingly, we reverse the trial court's Order granting Fenter's Motion for Traditional Summary Judgment and issuing a writ of mandamus and remand for further action consistent with this opinion.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

W. SCOTT GOLEMON
Chief Justice

Submitted on November 13, 2023
Opinion Delivered December 21, 2023
Before Golemon, C.J., Horton and Johnson, JJ.

17